UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,

           Crim. No. 08-364 (RHK/AJB)
           **ORDER**

v.

Thomas Joseph Petters (1)*,*

      Defendant.

---

John F. Docherty, John R. Marti, Joseph T. Dixon, III, Timothy C. Rank, Assistant United States Attorneys, Minneapolis, Minnesota, for the Government.

Jon M. Hopeman, Eric J. Riensche, Jessica M. Marsh, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, Minnesota, Paul C. Engh, Engh Law Office, Minneapolis, Minnesota, for Defendant.

---

  This matter is before the Court on Defendant's Motion to Reopen Detention Proceedings and Modify Detention Order (Doc. No. 101). For the reasons set forth below, the Court will deny the Motion.

  On October 2, 2008, Defendant was charged by criminal complaint with conspiracy, fraud, and other crimes arising out of his alleged execution "of perhaps the largest fraud scheme ever perpetrated in Minnesota, and one of the largest in this country's history." (Mem. in Opp'n at 2.) Defendant was arrested the following day and, at his initial appearance, the Government requested that Defendant be detained pending trial.

Magistrate Judge Jeffrey J. Keyes subsequently held a three-hour detention hearing. In his Order that followed, Judge Keyes noted that the evidence proffered at the hearing established, among other things, that Defendant: (1) had discussed fleeing the country with a cooperating witness, specifically to countries with which the United States does not currently have extradition treaties; (2) admitted to the cooperating witness that he had obtained false identification, had researched how to flee, and had discussed leaving the country with the mother of his young children; (3) told the cooperating witness that he previously had fled from criminal charges in Colorado; (4) had often traveled overseas; and (5) was frequently seen with large sums of cash. Moreover, Judge Keyes found that the evidence of Defendant's guilt, which included alleged admissions to an FBI agent, was substantial. Given these facts, the prospective sentence faced by Defendant (possibly resulting in life imprisonment, if convicted), and that there was no way to verify that Defendant had not secreted assets enabling him to flee, Judge Keyes determined that no condition or combination of conditions of release would reasonably assure Defendant's appearance at trial. See 18 U.S.C. § 3142(e) ("If, after a hearing . . ., the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required . . . , such judicial officer shall order the detention of the person before trial.").

Defendant appealed Judge Keyes's detention Order, and on October 31, 2008, Chief Judge Michael J. Davis held a four-hour hearing on that appeal.[1] Later that day,

---

[1] This case was not assigned to the undersigned at that time because no indictment had yet been returned.

Chief Judge Davis issued an Order denying Defendant's appeal, based largely on the same reasons given by Judge Keyes. A grand jury later returned a 20-count indictment against Defendant, charging him with mail fraud, wire fraud, conspiracy, and money laundering.

Citing 18 U.S.C. § 3142(f), Defendant now moves to reopen the detention hearing and asks that he be released pending trial. He argues that his release is necessary because his continued detention is materially impairing his ability to prepare for trial. (Def. Mem. at 4 ("[T]he defense is badly in need of Mr. Petters' assistance in document management, *i.e.*, identifying and reviewing key documents. It is not possible to accomplish this task while Mr. Petters remains in custody.").) Defendant's argument is unpersuasive, for several reasons.

Initially, Defendant misapprehends the nature of 18 U.S.C. § 3142(f). That statute provides, in pertinent part, that a detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." In other words, to reopen a detention hearing a defendant must, first, "present[] information that was not known or available to him at the time of his original detention hearing," and then, second, show that such information "is material to and has a substantial bearing on whether he should remain detained." United States v. Archambault, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002); accord United States v. Havens,

487 F. Supp. 2d 335, 339 (W.D.N.Y. 2007); United States v. Alonso, 832 F. Supp. 503, 504-05 (D.P.R. 1993). Defendant fails on both prongs.

First, there is simply nothing "new" about Defendant's contention that it will be difficult for him to prepare for trial absent release. He made the same argument before Judge Keyes (see 10/7/08 Tr. (Doc. No. 61) at 106-07), and again before Chief Judge Davis (see 10/31/08 Tr. (Doc. No. 99) at 115-16), and it was rejected both times.[2] Second, the difficulties Defendant might encounter in preparing for trial have absolutely nothing to do with whether he is a risk of flight or a danger to the community – in other words, those alleged difficulties do not have a "substantial bearing on whether he should remain detained." Archambault, 240 F. Supp. 2d at 1084. Simply put, Section 3142(f) does not "fit" here.

Defendant falls back on cases holding that pre-trial detention may, in some circumstances, violate due process. (See Def. Mem. at 2-3.) While that may be true, the cited cases do not aid Defendant's cause. Each case – United States v. Salerno, 481 U.S.

---

[2] Defendant points to one ostensibly "new" fact, noting that, at the previous hearings, the Government "insisted that he had hidden bank accounts," but such reason, "we now know, is vacuous." (Def. Mem. at 5.) Yet, the mere fact that the Government has not, to date, uncovered secreted assets does not mean that such assets do not exist. Indeed, as their name suggests, secreted assets are just that: secret. The evidence previously adduced showed that Defendant has been observed in the past with large amounts of cash. In the Court's view, it is entirely possible that Defendant has hidden assets that simply have not yet been located by the Government. Furthermore, Defendant would have great incentive to keep any such assets concealed, particularly if he were to be successful on the instant Motion. Finally, Defendant is a savvy businessman, charged with masterminding a multi-billion dollar fraud scheme, while the Government is in the earliest stages of unraveling the depths and breadth of Defendant's alleged fraud. It is not surprising, therefore, that the Government has not, to date, uncovered any hidden troves of money that might enable Defendant to flee.

739 (1987); United States v. Orena, 986 F.2d 628 (2d Cir. 1993); United States v. Zannino, 798 F.2d 544 (1st Cir. 1986); United States v. Accetturo, 783 F.2d 382 (3rd Cir. 1986); and Archambault – addressed whether unreasonably long pre-trial detention might result in a due-process violation. That is not an issue here, given the short amount of time Defendant has been detained thus far. Rather, in citing these cases Defendant appears to suggest that due process might require a defendant to be released if pre-trial detention impairs his ability to prepare for trial. But none of the cited cases even remotely hints at such a result, let alone expressly so holds.

Finally, Defendant cites 18 U.S.C. § 3142(i), which provides that the Court may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." While this case may, in fact, be complicated and require Defendant to review hundreds if not thousands of documents and meet with his lawyers for dozens of hours, that fact, standing alone, simply does not justify Defendant's release. See, e.g., United States v. Birbragher, No. 07-CR-1023, 2008 WL 2246913, at *1 (N.D. Iowa May 29, 2008) (denying request for release under Section 3142(i) despite defendant's contention that he could not adequately prepare for trial in an "extremely complicated and document-intensive case"). Indeed, accepting such an argument would mean that the more complicated the crime, the more likely a defendant should be released prior to trial. This is clearly an absurd result.

Furthermore, Defendant has made little, if any, showing that his defense is being prejudiced by his continued detention.  The Government has represented that it has made special arrangements with the Sherburne County Jail, where Defendant is currently being housed, to permit his counsel to meet with him seven days per week, from 8 a.m. until 10 p.m., with certain limited exceptions (meal times, a one-hour jail headcount, etc.).  The Jail also has set up a dedicated conference room for defense counsel to meet with him, into which a laptop computer may be brought.  In addition, Defendant is permitted to retain documents in his cell overnight.

Defendant clearly would prefer more posh accommodations – he disparages the meeting room as a "cement cubicle" that he likens to a fish bowl where he can "be watched by the inmates passing the glass door, the orange tops flashing back and forth, back and forth."  (Def. Mem. at 5.)  But Defendant's comfort while preparing for trial is not the Court's concern; the Jail's meeting room is not intended to be a hotel room or a law-office conference room.  Rather, the Court must only ensure that Defendant is able to adequately prepare for trial.  On the record currently before it, the Court determines that to be the case.

At bottom, "[i]t suffices to say that Defendant has not shown that temporarily releasing him . . . is 'necessary' for the preparation of his defense.  The Court finds that the [Government] and the [Jail] are presently affording Defendant more than adequate time to consult with his attorneys and the requisite means to prepare his defense." Birbragher, 2008 WL 2246913, at *1.  Based on the foregoing, and all the files, records,

and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Reopen Detention Proceedings and Modify Detention Order (Doc. No. 101) is **DENIED**.

Dated: January 28, 2009                                                         s/Richard H. Kyle
                                                                                RICHARD H. KYLE
                                                                                United States District Judge