**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

                Plaintiff,

                              Crim. No. 08-364 (RHK/AJB)
                              **ORDER**

v.

Thomas Joseph Petters (1),

                Defendant.

---

John F. Docherty, John R. Marti, Joseph T. Dixon, III, Timothy C. Rank, Assistant United States Attorneys, Minneapolis, Minnesota, for the Government.

Jon M. Hopeman, Eric J. Riensche, Jessica M. Marsh, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, Minnesota, Paul C. Engh, Engh Law Office, Minneapolis, Minnesota, for Defendant.

---

      This matter is before the Court on Defendant's Motion to Change Venue (Doc. No. 108), Motion for Counsel to Participate in Voir Dire (Doc. No. 122), Motion for Additional Peremptory Challenges (Doc. No. 123), and Motion for Jury Questionnaire (Doc. No. 124). The latter three Motions concern trial procedures and, hence, are premature at this time. Accordingly, the Court will **DEFER** resolution of those Motions until closer to the start of trial. Nevertheless, Defendant is directed to serve and file with the Court, on or before March 27, 2009, a statement of the topics he wishes to have addressed in a Court-authorized jury questionnaire. The Government may respond to Defendant's submission on or before April 3, 2009.

Regarding the first Motion, to change venue, that Motion is governed by a two-tiered analysis. E.g., United States v. Blom, 242 F.3d 799, 803 (8th Cir. 2001). In the first tier, the Court must determine whether "pretrial publicity [has been] so extensive and corrupting" that the Court must "presume unfairness of constitutional magnitude." Id. (internal quotation marks and citations omitted). Substantial pre-trial publicity, standing alone, is insufficient to satisfy this first tier. Id. Rather, the publicity must be "so inflammatory or accusatory as to presumptively create 'a trial atmosphere that ha[s] been utterly corrupted by press coverage.'" Id. (citation omitted). The Eighth Circuit has noted that this occurs only in "rare and extreme cases." Id.

Having carefully considered the media attention this case has received, including the articles submitted by the parties, the Court determines that Defendant has failed to satisfy his "high threshold of proof" that this is a "rare" or "extreme" case involving "extensive and corrupting" media coverage. United States v. Nelson, 347 F.3d 701, 707-08 (8th Cir. 2003). While some of the media coverage, admittedly, has been less than flattering to Defendant, the Court cannot conclude on the present record that it has been "so inflammatory or accusatory" that one must presume Defendant cannot obtain a fair trial here. See, e.g., United States v. Allee, 299 F.3d 996, 1000 (8th Cir. 2002) (extensive media coverage of bank-robbery defendants, labeling them as "very dangerous individuals who do not have regard for life" and who had "engaged in a series of 'Bonnie and Clyde' getaways" for which they "should pay forever," insufficient to warrant change of venue); Blom, 242 F.3d at 803-04 (no abuse of discretion in denying change of venue

despite substantial pre-trial media coverage of murder defendant's case, including articles reporting "the discovery of human remains on [defendant's] property, and speculation that he might be involved in a series of unsolved kidnappings and murders").

The second tier requires analyzing the information provided by prospective jurors to determine whether they harbor such predispositions as a result of the pre-trial publicity that the Court must assume they are biased.  United States v. Green, 983 F.2d 100, 102 (8th Cir. 1992).  The Court, therefore, should await voir dire before conducting this analysis and take into consideration not only the responses received from potential jurors, but also any other procedural safeguards that it might implement.  Id.  Accordingly, the Court will **DEFER** consideration of the second tier of the venue analysis until questioning the venire at trial.


Dated: March 16, 2009                                      s/Richard H. Kyle
                                                           RICHARD H. KYLE
                                                           United States District Judge