**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,

                                Crim. No. 08-364 (RHK/AJB)
                                **ORDER**
v.

Thomas Joseph Petters,

                Defendant.

John R. Marti, Joseph T. Dixon, III, Timothy C. Rank, John F. Docherty, Assistant United States Attorneys, Minneapolis, Minnesota, for the Government.

Paul C. Engh, Engh Law Office, Minneapolis, Minnesota, Jon M. Hopeman, Eric J. Riensche, Jessica M. Marsh, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, Minnesota, for Defendant.

      This matter is before the Court on (1) Defendant's Objections (Doc. No. 169) to Magistrate Judge Boylan's March 26, 2009 Order (the "Order") and (2) Defendant's "renewed" Motions to Dismiss for Violation of <u>Ake v. Oklahoma</u> and Government Meddling with the Funding of the Defense (Doc. No. 167).[1]  For the reasons set forth below, Defendant's Objections will be overruled and his "renewed" Motions to Dismiss will be denied.

      1.    <u>Objections.</u>  Defendant raises three objections to the Order.  The standard of

---

[1] Defendant also has "renewed" his Motion for Continuance, but Magistrate Judge Boylan has not yet issued a Report and Recommendation on that Motion.  Accordingly, the Court will not consider this "renewed" Motion at this time.

review for a non-dispositive order by a Magistrate Judge is "extremely deferential." United States v. Afremov, Crim. No. 06-196, 2007 WL 3237624, at *1 (D. Minn. Oct. 30, 2007) (Tunheim, J.). Such an order should be set aside only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

      a.    WITSEC information. Defendant first objects that information regarding a Government witness's participation in the witness protection program (WITSEC) must be disclosed. But the Order granted this request "to the extent that the government shall produce witness information as required under United States v. Giglio." (Doc. No. 163 at 3.) Moreover, the Government has suggested that this witness will not be called at trial, and "[d]efendants are not entitled to [WITSEC] information with respect to witnesses whom the government does not intend to call at trial unless it is exculpatory evidence under Brady." United States v. Ramirez, 54 F. Supp. 2d 25, 34 (D.D.C. 1999).

Defendant argues that WITSEC information is, indeed, "categorical Brady material" (Objections at 4), citing United States v. Edwards, 191 F. Supp. 2d 88, 90 (D.D.C. 2002). But Edwards held that witness-protection information was Brady material only for "cooperating witnesses who may testify at trial." Id. at 90. And other courts have implicitly rejected Defendant's contention that all WITSEC information falls within Brady. See United States v. Gilmore, Nos. 1:00CR104, 1:03CR30014, 2004 WL 228967, at *5 (W.D. Va. Feb. 4, 2004) (information regarding WITSEC participation was not Brady material *per se*; defendant failed to show that WITSEC matter "contained Brady information" and was required to be produced). Defendant has not shown that the Order

was clearly erroneous or contrary to law.

    b. <u>Suitability studies.</u> Defendant next objects that information concerning witness suitability studies must be disclosed.  But once again, the Order requires the Government to produce witness information mandated under <u>Giglio</u> (Doc. No. 163 at 2), which appears to include suitability studies.  Defendant has not shown that the Order was clearly erroneous or contrary to law.

    c. <u>Timing of *Brady* material.</u> Defendant next objects that the Order did not address his request for early disclosure of <u>Brady</u> material (at least 60 days prior to trial).  The Government does not appear to oppose the request and, accordingly, it is moot.  (<u>See</u> Doc. No. 146 at 17-18.)

  2. <u>Motions to dismiss.</u> Defendant filed two Motions to Dismiss, arguing that (1) the tenets of <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985), have been violated, and (2) the Government has "meddled" with the funding of the defense.  At a March 18, 2009 hearing on several pre-trial Motions filed by Defendant, Magistrate Judge Boylan denied these Motions to Dismiss without prejudice.  Defendant has now "renewed" the Motions. For the reasons set forth by the Court in its Order denying defense counsel's "renewed" Motion to Withdraw (<u>see</u> Doc. No. 177 at 6 n.6, 9-10), as well as those stated by Magistrate Judge Boylan on the record at the March 18, 2009 hearing, these Motions lack merit.

 Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1.      Defendant's Objections (Doc. No. 169) to Magistrate Judge Boylan's March 26, 2009 Order are **OVERRULED** and that Order is **AFFIRMED**; and

2.      Defendant's "renewed" Motions to Dismiss for Violation of <u>Ake v. Oklahoma</u> and Government Meddling with the Funding of the Defense (Doc. No. 167) are **DENIED**.

Dated: April 14, 2009                                                           s/Richard H. Kyle
                                                                                RICHARD H. KYLE
                                                                                United States District Judge