UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 08-CR-364 (RHK/AJB)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS JOSEPH PETTERS,

    Defendant.

**AFFIDAVIT OF
ERIC J. RIENSCHE**

STATE OF MINNESOTA    )
    ) ss.
COUNTY OF HENNEPIN    )

Eric J. Riensche, being first duly sworn under oath states as follows:

1. I am an attorney employed by the law firm Felhaber, Larson, Fenlon & Vogt, P.A. ("Felhaber Law Firm"), and I represent Defendant Thomas Joseph Petters in the above-captioned matter. The Felhaber Law Firm has assembled a group of attorneys (including the undersigned) and investigators ("Defense Team") to represent Mr. Petters. Accordingly, the Defense Team has reviewed a large quantity of paper documents, electronic files, and like materials provided to us by the Government ("Discovery Documents").

2. The quantity of Discovery Documents in this case is far too large for a single individual to review alone. To get an idea of the sheer volume, I direct attention to the Declaration of C. Tom Fisher, a Defense Team investigator, indicating that there are an estimated 1.5 million pages of Discovery Documents. [Docket No. 120.] We

1

therefore rely on many members of the Defense Team to review Discovery Documents. Further, given the large volume of Discovery Documents at issue, our review is far from complete.

3. I base this Affidavit on the following: my personal review of Discovery Documents; my discussions with Defense Team members regarding Discovery Documents; my review of internal memoranda and documents produced by the Defense Team regarding Discovery Documents.

4. The Defense Team's (as yet incomplete) review of Discovery Documents indicates that attorneys—and in particular attorneys in the PGW legal department—represented Mr. Petters in his individual capacity with respect to many matters. For example, the Discovery Documents reveal folders seized from the legal department labeled "Thomas J. Petters, Personal," and covering a wide range of Mr. Petters' personal affairs. There are also Discovery Documents indicating that company lawyers—such as David Baer—advised Mr. Petters in his individual capacity alongside his wholly-owned business interests. For example, there are Discovery Documents that indicate attorneys advised Mr. Petters with regard to his personal guaranties, asset transfers from Mr. Petters' personal assets to his companies, and his personal real estate transactions.

5. With respect to electronic Discovery Documents seized from the company, the Defense Team's review has been particularly limited, given the technological complications of performing such a review. However, the Defense Team commissioned a computer forensics expert to provide the defense with limited electronic files of computer workstations and the company computer server. I say "limited" because, due to

the high cost of such a review, the defense was forced to give the computer forensics expert general categories of electronic files, and hope that these categories would contain pertinent files for the purposes of the defense. In other words, the Defense Team has access to a relatively narrow swath of electronic Discovery Documents.

6. The computer forensics expert provided certain readable files regarding the company computer server on or about March 3, 2009. Included on that production was certain electronic mail messages (from approximately 2003 to 2006) saved by chief company counsel David Baer. This is by no means a complete email production. Of note, one of the folders is labeled "Petters – Personal."

7. The court-appointed Receiver has hired a forensic auditing firm, Pricewaterhouse Coopers ("PWC"), to review certain electronic Discovery Documents. Members of the Defense Team met with the Receiver and PWC representatives on May 18, 2009. The Receiver and PWC said that electronic information will be loaded on a software program called Stratify, making it readily searchable. PWC stated that it was in the process of loading emails and electronic documents authored by and/or accessible a number of key players in this case, including legal department employees such as David Baer, Michael Phelps, and Lois Kruse. According to PWC, this increases the number of documents for review; PWC estimates over 5 million Discovery Documents will be accessible and searchable via Stratify. The Defense Team has been promised access to this software program and the electronic information, and anticipates that such access will make the review process far more expedient. However, as of now, the Defense Team does not have such access, and cannot predict when it will have access. In part,

this is due to the monthly cost of a license to use Stratify, as the Receiver has not paid the Defense Team since January 2009.

8.  The Defense Team has obtained information from a witness suggesting the legal department saved electronic information on a computer server separate and apart from the rest of the company.  We do not know whether the Government seized this separate server, and we have not had access to it.

9.  The Defense Team was not invited to participate in the process of the Receiver waiving the company's attorney-client privilege as to certain paper Discovery Documents.  Nor has the USAO invited the Defense Team to conduct a privilege review of Discovery Documents (paper or electronic) prior to the Government's review, so as to preserve attorney-client privilege (i.e., Mr. Petters' individual or joint privilege).  Nor, so far as the Defense Team can tell, has the Government instituted a procedure by which electronic Discovery Documents are filtered, so as to separate potentially privileged Discovery Documents.

10.  In January, February, and March 2009, the Defense Team reviewed certain paper Discovery Documents seized by the Government and in the possession of the USAO.  Even now, it is not entirely clear whether the Defense Team has reviewed all of the paper Discovery Documents seized from the legal department.  However, our initial review suggests that the documents seized from the legal department are concentrated in Boxes 196, 197, and 198 of the Government's search warrant inventory.  A member of the Defense Team reviewed these documents on or about February 19, 20, and 23, 2009.  However, the USAO did not provide us with copies of these documents

until April 2, 2009—long after the pretrial motions hearing. As noted above, these Discovery Documents suggest an attorney-client privilege controlled by Thomas Petters personally.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: May 29, 2009

**s/ Eric J. Riensche**
Eric J. Riensche
Attorney for Defendant

Subscribed and sworn before me
on this 29th day of May, 2009.

**s/ Cynthia M. Nybakke**
Notary Public