UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 08-364 (RHK/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>1. THOMAS JOSEPH PETTERS,<br><br>2. PETTERS COMPANY, INC., and<br><br>3. PETTERS GROUP WORLDWIDE, LLC,<br><br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>(18 U.S.C. § 1341)<br>(18 U.S.C. § 1343)<br>(18 U.S.C. § 371)<br>(18 U.S.C. § 1956)<br>(18 U.S.C. § 1957)<br>(18 U.S.C. § 2) |

THE UNITED STATES GRAND JURY CHARGES THAT:

INTRODUCTION

1. Defendant THOMAS JOSEPH PETTERS is a resident of Minnesota.

2. Defendant PETTERS COMPANY, INC. (PCI) is a Minnesota corporation with its headquarters and operations located in Minnesota. PETTERS is the sole owner and president of PCI.

3. Defendant PETTERS GROUP WORLDWIDE, LLC (PGW) is a Delaware limited liability corporation with its headquarters and operations principally located in Minnesota. PETTERS is the sole owner, Chairman, and Chief Executive Officer of PGW.

THE FRAUD SCHEME AND ARTIFICE

4. From at least in or about 1995 and continuing through in or about September 2008, in the State and District of Minnesota and elsewhere, the defendants,




FILED JUN 03 2009
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**THOMAS JOSEPH PETTERS,
PETTERS COMPANY, INC., and
PETTERS GROUP WORLDWIDE, LLC,**

aided and abetted by persons and affiliated business entities, including Deanna Lynn Coleman, Robert Dean White, Michael Catain, Larry Reynolds, and others known and unknown to the Grand Jury, did knowingly and unlawfully devise and participate in a scheme and artifice to defraud and to obtain billions of dollars in money and property by means of materially false and fraudulent pretenses, representations, and promises.

5. Defendant PETTERS used defendants PCI and PGW and their affiliates, including subsidiary corporations, to execute an extensive fraud scheme. PETTERS, PCI and its agents (including Coleman and White), and PGW and its agents, made numerous false statements, false representations and material omissions to fraudulently induce investors to provide defendants PCI and PGW with billions of dollars. These funds were purportedly to be used to purchase merchandise which would then be resold to retailers at a profit. In fact, there were no such purchases or resales. Instead, defendants PETTERS, PCI and PGW and their co-conspirators would divert the funds to other purposes.

6. On many occasions, the defendants and their co-conspirators would direct investors to send the fraudulently obtained funds to accounts maintained by the purported suppliers of the merchandise, including Enchanted Family Buying Company (EFBC), a company operated in Minnesota by Michael Catain, and Nationwide International Resources, Inc. (NIR), a company operated in California by Larry Reynolds. Rather than supplying merchandise, Catain and Reynolds would wire the investor funds to accounts controlled by the defendants less a commission. During the course of the scheme and artifice, Catain and Reynolds funneled tens of billions of dollars through the EFBC and NIR bank accounts, respectively, to accounts controlled by the defendants in furtherance of the scheme and artifice. Reynolds and Catain received millions of dollars in commissions for the use of their respective company bank accounts to conceal and disguise the nature, source, ownership and control of the funds.

7. To induce investors to provide the funds, defendants PETTERS, PCI and PGW and their co-conspirators, including Coleman, White, and other persons, made false statements, made material misrepresentations and created false documentation, including purchase orders, invoices, bills of sale, wire transfer confirmations, shipping documents, and financial statements,

in order to trick investors into providing the defendants with billions of dollars. In many instances, the funds provided by investors to the defendants were secured by promissory notes and security agreements that purported to pledge as collateral either: (a) the merchandise that defendant PCI (or an affiliate) purportedly had purchased from EFBC and NIR; and/or (b) fictitious accounts receivable. In many instances, the defendants provided fictitious wire transfer confirmations from PCI to EFBC and/or NIR to further the illusion that PCI was also providing a percentage of the funds (in addition to those provided by the investors) necessary to purchase the merchandise.

8. The proceeds from the fraud were used (i) to make lulling payments to investors, (ii) to make large payments, sometimes exceeding millions of dollars, to individuals who assisted in the scheme, such as Coleman and White, and others associated with the defendants, (iii) to fund businesses owned or controlled by the defendants, and (iv) to fund PETTERS' extravagant lifestyle.

**COUNTS 1-10**
(Wire Fraud)
18 U.S.C. § 1343

9. The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 8 of this Superseding Indictment as if stated in full herein.

10. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, and for the purpose of executing and attempting to execute the scheme and artifice, the defendants,

**THOMAS JOSEPH PETTERS,**
**PETTERS COMPANY, INC., and**
**PETTERS GROUP WORLDWIDE, LLC,**

aided and abetted by Deanna Lynn Coleman, Robert Dean White, Michael Catain, Larry Reynolds, and other persons known and unknown to the Grand Jury, by means of wire communications, did knowingly cause to be transmitted in interstate commerce numerous writings, signals and sounds, including the interstate wire communications described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | September 24, 2008 | Telephone call between defendant PETTERS in Las Vegas, Nevada, and Coleman in Minnesota |
| 2 | September 17, 2008 | Letter from defendant PETTERS to T.D. sent via facsimile from Minnesota to California |

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 3 | August 5, 2008 | Wire transfer of $4,629,600 from Ark Discovery II account at Charter One Bank, Chicago, Illinois, to the Enchanted Family Buying Company account at Anchor Bank, Minnesota |
| 4 | July 14, 2008 | Email from defendant PETTERS in India to Coleman and White in Minnesota regarding payments |
| 5 | April 17, 2008 | Email from defendant PETTERS to Coleman in Minnesota and Reynolds (via the AOL server in Virginia) regarding the purchase order for the $60,000,000 Interlachen Harriet Investments Limited investment |
| 6 | February 27, 2006 | Wire transfer of $3,010,000 from PBFP Holdings LLC account at US Bank in Minnesota to Nationwide International Resources account at First Regional Bank, California |
| 7 | January 6, 2005 | Wire transfer of $4,060,000 from Fidelis Foundation account at US Bank in Minnesota to PCI's M& I Marshall & Ilsley account in Wisconsin |
| 8 | December 23, 2004 | Wire transfer of $5,065,000 from Arrowhead Capital Finance LTD, account at Wells Fargo Bank, Minnesota, to Nationwide International Resources account at First Regional Bank, California |
| 9 | October 6, 2004 | Email from defendant PETTERS to Coleman in Minnesota via Blackberry server in Ontario, Canada regarding use of proceeds |
| 10 | June 3, 2004 | Facsimile from PCI in Minnesota to Lancelot Investors Fund L.P. in Illinois |

11. All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 11 - 13**
(Mail Fraud)
18 U.S.C. § 1341

12. The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 8 of this Superseding Indictment as if stated in full herein.

13. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, and for the purpose of executing and attempting to execute the scheme and artifice, the defendants,

**THOMAS JOSEPH PETTERS,**
**PETTERS COMPANY, INC., and**
**PETTERS GROUP WORLDWIDE, LLC,**

aided and abetted by Deanna Lynn Coleman, Robert Dean White, Michael Catain, Larry Reynolds, and other persons known and unknown to the Grand Jury, did knowingly cause to be sent, delivered, and moved by the United States Postal Service and interstate commercial carrier various mailings, items and things, as described below:

| COUNT | DATE | MAILING |
|---|---|---|
| 11 | September 26, 2008 | Letter from defendants PETTERS and PCI to Interlachen Harriet Investments Limited, Minneapolis, Minnesota, sent via Federal Express |

| COUNT | DATE | MAILING |
|---|---|---|
| 12 | July 17, 2008 | $1,500,000 PCI Promissory Note sent to C&C Capital, LLC via Federal Express from Minnesota to Idaho |
| 13 | January 28, 2008 | Defendant Petters' personal guaranty in the amount of $4,000,000 for D.V. PCI investment delivered via Federal Express from Florida to Minnesota |

14. All in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 14**
(Conspiracy to Commit Mail and Wire Fraud)
18 U.S.C. § 371

15. From in or about 1995 through in or about September 2008, in the State and District of Minnesota and elsewhere, the defendants,

**THOMAS JOSEPH PETTERS,**
**PETTERS COMPANY, INC., and**
**PETTERS GROUP WORLDWIDE, LLC,**

did knowingly and willfully combine, conspire, and agree with each other and with Deanna Lynn Coleman, Robert Dean White, Michael Catain, Larry Reynolds, and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, mail fraud and wire fraud as described in Counts 1 through 10 above, in violation of Title 18, United States Code, Sections 1341 and 1343.

**MANNER AND MEANS**

16. The conspiracy included the manner and means described in paragraphs 1 through 8 of the Superseding Indictment, which are hereby re-alleged and incorporated herein.

**OVERT ACTS**

17. In order to effect the objects of the conspiracy and in furtherance of the conspiracy, the defendants and their co-conspirators committed and caused to be committed the acts, namely the wires and mailings, alleged in Counts 1 through 13 of this Superseding Indictment, which are hereby re-alleged and incorporated herein, as well as the following acts:

a. In or about 1995, PETTERS' payment of $15,000 to White for creating false bank statements.

b. On or about December 20, 2000, the transmission to General Electric Capital Corporation via facsimile of 11 purported checks from National Clothing Company, Inc. payable to Petters Company, Inc.

c. In or about January 2005, wire transfers of about $241,000,000 from Petters Capital LLC account XXXX6800 to escrow accounts (XXXX7500 and XXXX6400) at Wells Fargo Bank.

d. On or about April 19, 2006, the email from defendant PETTERS to Coleman regarding the status of PCI.

e. On or about June 6, 2008, emails from defendant PETTERS instructing Coleman regarding responses to provide investors.

f. On or about August 12, 2008, email from defendant PETTERS to investors rejecting a request for access to warehouses.

18. All in violation of Title 18, United States Code, Section 371.

**COUNT 15**
(Money Laundering Conspiracy)
18 U.S.C. § 1956(h)

19. The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 8 of this Superseding Indictment as if stated in full herein.

20. From in or about 1995 and continuing through in or about September 2008, in the State and District of Minnesota and elsewhere, the defendants,

**THOMAS JOSEPH PETTERS,**
**PETTERS COMPANY, INC. (PCI), and**
**PETTERS GROUP WORLDWIDE, LLC (PGW),**

did knowingly and willfully combine, conspire and agree with each other and with Michael Catain, Larry Reynolds, and others known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, namely, transfers of the proceeds of specified unlawful activity to themselves or for their benefit, which transactions involved proceeds of a specified unlawful activity, that is, mail fraud and wire fraud, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing

that the transactions were designed in whole and in part to conceal or disguise the nature, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

21. All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 16 - 20**
(Money Laundering)
18 U.S.C. §§ 1957

22. The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 18 of this Superseding Indictment as if stated in full herein.

23. On or about the dates listed for each count below, in the State and District of Minnesota and elsewhere, the defendant,

**THOMAS JOSEPH PETTERS,**

and persons known and unknown to the Grand Jury, aiding and abetting one another, knowingly engaged and attempted to engage in monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343 and 2, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 16 | July 28, 2004 | Wire transfer in the amount of $1,000,000.00 from PCI's M&I Marshall & Ilsley Bank account number XXX9018 to Petters Fashion Group |
| 17 | October 27, 2005 | Wire transfer in the amount of $275,000.00 from PCI's M&I Marshall & Ilsley Bank account number XXX9018 to Petters Warehouse Direct |
| 18 | October 30, 2006 | Wire transfer in the amount of $1,400,000.00 from PCI's Crown Bank account number XXX1089 to PETTERS' Crown Bank account number XXXX0889 |
| 19 | December 19, 2007 | Wire transfer in the amount of $250,000.00 from PCI's M&I Marshall & Ilsley Bank account number XXX9018 to PETTERS' personal Northern Trust bank account number XXXXXX4886 |
| 20 | June 4, 2008 | Wire transfer for $3,000,000.00 from PGW's Crown Bank account number xxx4074 to PETTERS' personal Northern Trust account number xxxxxx6561 |

24. All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

25. Counts 1 through 20 of this Superseding Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

26. As the result of the offenses alleged in Counts 1 through 14 of this Superseding Indictment, defendants PETTERS, PCI and

PGW shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Counts 1 through 14 of this Superseding Indictment, including but not limited to the following:

a. funds in the amount of $1,026,352.86 seized from M&I Marshall & Ilsley Bank account number 1959018;

b. funds in the amount of $120,983.01 seized from Crown Bank account number 1102227;

c. funds in the amount of $289,658.89 previously held in Crown Bank Certificate of Deposit number 3113081;

d. funds in the amount of $115,512.46 previously held in Crown Bank Certificate of Deposit number 3113065;

e. the real property and premises located at 655 Bushaway Road, Wayzata, Minnesota 55391, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property;

f. the real property and premises located at 320 Elk Circle, Dillon, Colorado 80435, together with its buildings, appurtenances, improvements, fixtures, attachments and

easements, and/or proceeds traceable to the sale of said property;

g. the real property and premises located at 1840 South Ocean Boulevard, Lake Worth, Florida 33462, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property;

h. any and all funds held in JP Morgan Account No. A56676009 in the name of Thomas J. Petters;

i. any and all funds held in JP Morgan Account No. A72735003 in the name of Thomas J. Petters;

j. any and all funds held in JP Morgan Account No. A81794009 in the name of Thomas J. Petters;

k. any and all funds held in JP Morgan Account No. Q17438005 in the name of Thomas J. Petters;

l. any and all funds held in JP Morgan Account No. A58860007 in the name of Thomas J. Petters;

m. the real property located at 15823 50th Avenue North, Plymouth, Minnesota, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property;

n. 333 Vitoria Avenue, Winter Park, Florida, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property;

o. the real property located at 89405 Jack Pine Drive, Cornucopia, Wisconsin, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property;

p. the real property located at 89435 Jack Pine Drive, Cornucopia, Wisconsin, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and/or proceeds traceable to the sale of said property; and

q. a sum of money representing the total amount of gross proceeds obtained as a result of the offenses alleged in Counts 1 through 14 of this Superseding Indictment.

27. As a result of the offenses alleged in Counts 15 through 20 of this Superseding Indictment, defendants PETTERS, PCI, and PGW, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including the sum of money involved in each

of Counts 15 through 20 and the property listed in Paragraph 26.

28. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

29. All in violation of Title 18, United States Code, Sections 2, 371, 981(a)(1)(C), 982(a)(1), 1341, 1343, 1956(a)(1)(B)(i), 1956(h) and 1957.

A TRUE BILL

UNITED STATES ATTORNEY FOREPERSON