# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                              Crim. No. 08-364 (RHK/AJB)
                              **ORDER**

v.

Thomas Joseph Petters (1)*,*

                Defendant.

This matter is before the Court on Defendant's Second Motion for Continuance (Doc. No. 216), in which Defendant requests a continuance of the currently scheduled September 14, 2009 trial date[1] to November 2, 2009.[2] In essence, the basis for the Motion is the documentary complexity of this case, which involves several million documents, some of which are multiple pages long. At oral argument, counsel indicated that approximately 6 million pages were tendered by the Government to the defense, some 2 million of which had been put before the grand jury. Although Defendant has been able to review these documents for some time, he only recently gained access to a computer database (Stratify) that allows him to easily search and organize them. Defendant also points out that the posture of this case has changed recently due to the Superseding

---

[1] Jury selection is scheduled to commence on September 9, 2009.

[2] In his brief, Defendant had requested a 60-day continuance, but at oral argument he asked that the trial commence on November 1, 2009.

Indictment returned against him and the indictment of an alleged co-conspirator, Gregory Bell.

The Government opposes the Motion. It argues that Defendant and his counsel (five lawyers, plus at least one investigator) have had sufficient time to review the documents and prepare for trial. Indeed, the Government asserted at oral argument that it is ready to proceed on the scheduled trial date, even though it – like Defendant – has not had access to the documents in a searchable, electronic format. The Government also contends that defense counsel's unilateral "work stoppage" in March 2009 – in violation of the spirit, if not the letter, of a Court Order – contributed to any delay in preparation. Finally, the Government argues that the Superseding Indictment and Bell's recent indictment did not materially affect the allegations against Defendant or the evidence in this case.

District courts "are afforded broad discretion when ruling on requests for continuances." United States v. Moe, 536 F.3d 825, 831 (8th Cir. 2008) (internal quotation marks and citation omitted). Continuances "generally are not favored and should be granted only when the party requesting one has shown a compelling reason." United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996); accord United States v. Vesey, 330 F.3d 1070, 1072 (8th Cir. 2003). In determining whether to grant a continuance, the Court must balance the asserted need for the continuance against the resulting delay, and it must also consider "the complexity of the case, the diligence of the

party requesting a continuance, and the conduct of the opposing party." United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986); accord Moe, 536 F.3d at 831.

While the Court is not overwhelmed by Defendant's showing here, it concludes that a continuance is warranted. It is true, as the Government notes, that Defendant's team of lawyers and investigators has had access to the relevant documents for several months. Nevertheless, the Court recognizes the difficulties inherent in analyzing such an "indigestible mass" of documents, In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 614 (7th Cir. 1997) (Posner, J.), many of which undoubtedly must be reviewed side-by-side with Defendant. In the absence of computers to assist in separating the wheat from the chaff, reviewing these millions of documents by hand, page by page, inevitably is painstakingly slow. Moreover, while the Government and the public have an interest in bringing this case to trial sooner rather than later, the requested delay is relatively short. This is particularly true when one considers that Defendant faces a lengthy prison sentence if convicted. Although the Court has previously granted Defendant two continuances, he is in custody and will remain so pending trial; it is certainly not in his interest to seek repeated delays absent compelling reasons. Finally, recent events – the Superseding Indictment and the indictment of Bell – have altered the legal landscape, even if, as the Government contends, those alterations were slight.

For these reasons, Defendant's Second Motion for Continuance (Doc. No. 216) is **GRANTED**. Trial will begin on Monday, October 26, 2009.[3] The Court believes such a

---

[3] Jury selection will commence on October 21, 2009.

continuance affords Defendant and his counsel sufficient additional time to adequately prepare for trial. In addition, the Court takes this opportunity to advise Defendant that it will look warily upon any future request for a continuance absent <u>extraordinary</u> circumstances. By the time of trial, more than a year will have passed from Defendant's arrest and retention of counsel in connection with this case. In the Court's view, that is a sufficient amount of time to prepare, regardless of how daunting the task may have been.[4]

Dated: July 15, 2009                           s/Richard H. Kyle
                                                                           RICHARD H. KYLE
                                                                           United States District Judge

---

[4] Nothing in this Order affects the previously established deadlines for the disclosure of <u>Brady</u> and <u>Giglio</u> material. Such material shall be disclosed as if the trial date remained September 14, 2009.