# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                              Crim. No. 08-364 (RHK/AJB)
                              **ORDER**

v.

Thomas Joseph Petters (1),

                Defendant.

---

This matter is before the Court on Defendant's Motion for a Finding of Presumption of Prejudice Resulting from Adverse Pretrial Publicity (Doc. No. 306). For the reasons set forth below, the Court will deny the Motion.

In the Motion, Defendant seeks a "finding that there has been extensive and adverse pretrial publicity [and] that there exists therefore a presumption of prejudice." (Motion at 3.) In certain circumstances, pre-trial publicity may be so extensive and negative "that [a] court is required to presume unfairness of constitutional magnitude." United States v. Rodriguez, __ F.3d __, 2009 WL 2998103 (8th Cir. Sept. 22, 2009) (quoting United States v. Blom, 242 F.3d 799, 803 (8th Cir. 2001)). A change of venue is warranted in such circumstances. See Fed. R. Crim. P. 21(a).

But substantial pre-trial publicity, standing alone, is insufficient to create a presumption of prejudice. United States v. Allee, 299 F.3d 996, 1000 (8th Cir. 2002). Rather, the publicity must be "so inflammatory or accusatory as to presumptively create 'a trial atmosphere that ha[s] been utterly corrupted by press coverage.'" Blom, 242 F.3d

at 804 (quoting Murphy v. Florida, 421 U.S. 794, 798 (1975)). This occurs only in "rare and extreme cases," id., which means that a defendant "must satisfy a high threshold of proof in order to" substantiate such a claim. United States v. Nelson, 347 F.3d 701, 708 (8th Cir. 2003) (citation omitted).

Defendant has not satisfied his high burden here. As the Court noted in its March 16, 2009 Order, "[w]hile some of the media coverage, admittedly, has been less than flattering to Defendant, the Court cannot conclude on the present record that it has been 'so inflammatory or accusatory' that one must presume Defendant cannot obtain a fair trial here." (Doc. No. 147 at 2.) That remains true today. Publicity concerning this case has died down substantially since the initial media frenzy surrounding the execution of search warrants at Defendant's home and places of business; press coverage over the past several months has been sporadic at best. Further, the length of time – more than a year – since the initial articles were published and the crimes with which Defendant is charged purportedly were committed mitigate against any presumption of prejudice. "Generally, we have concluded that there should be no presumption of inherent unfairness where there has been a substantial delay between the criminal act and the trial." Nelson, 347 F.3d at 709 (citations omitted).

The responses to the questionnaires distributed to the venire – a venire, incidentally, far larger than that usually summoned for criminal cases in this District, see Rodriguez, 2009 WL 2998103 (expanding size of venire one tool district court may use to "reduce the risk of prejudice") – also undermine any finding of prejudice. Of the 149

responses received, only a small number of veniremembers indicated that they had formed a firm opinion concerning Defendant's guilt. The Eighth Circuit "has found the presumption of partiality not warranted where questionnaires reveal[]" that the percentage of potential jurors harboring some bias is low. Id. (citing cases holding that even where up to 50% of jury pool indicated partiality, finding of *per se* prejudice unwarranted). Moreover, many of the veniremembers who expressed a firm opinion on Defendant's guilt were excluded from the jury pool because of employment conflicts, family circumstances, and the like.

Defendant points to a front-page article published in yesterday's Minneapolis *Star Tribune* to support his argument. That article, entitled "Desperate Petters 'Full of Shame,'" recounts the evidence alluded to by the Government in its pre-trial brief filed earlier this week. The article, however, clearly indicates that it is based on the Government's contentions, and not on any independent assessment of the evidence or Defendant's guilt. Indeed, Defendant's own citation to the article notes that it is qualified by the statement, "according to an outline of the government's criminal case filed Wednesday in federal court." (Motion at 2.) Under such circumstances, the article is unlikely to prejudice potential jurors. See Blom, 242 F.3d at 804 (press coverage must be "*inflammatory* or *accusatory*" to create presumption of prejudice) (emphasis added).

Defendant also points out that several inflammatory statements were made in the comments section below the article on the *Star Tribune*'s website. A few derogatory comments, however, can hardly be said to indicate that a substantial number of persons in

3

the local community believe Defendant is guilty. In any event, samplings of public opinion are entitled to little weight in the prejudice analysis, particularly where, as here, the Court has taken additional measures – the use of a jury questionnaire, an expanded venire, etc. – to root out any possible prejudice. See Rodriguez, 2009 WL 2998103.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for a Finding of Presumption of Prejudice Resulting from Adverse Pretrial Publicity (Doc. No. 306) is **DENIED**.

Dated: October 16, 2009
                s/Richard H. Kyle
                RICHARD H. KYLE
                United States District Judge