# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | Crim. No. 08-364 (1) (RHK/AJB) |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas Joseph Petters, | |
| Defendant. | |

_____

This matter is before the Court upon a motion by the government for a protective order with regard to certain disclosures to be made to defense counsel regarding WitSec materials.

1. As used in this Order, the term "protected material" refers to any material regarding an identified individual's participation in the WitSec Program and shall be marked by the government as "PROTECTED MATERIAL." The protected material is being released pursuant to 18 U.S.C § 3521(b)(1)(G). Before receiving any protected material or being advised of information contained therein, defendant, defendant's counsel, and any agent of defendant must sign an acknowledgement stating that they understand and agree to be bound by the terms of this Order.

2. The protected material described in paragraph 1 shall be held in strict confidentiality and may be used solely for purposes of this litigation. Defendant's counsel shall limit the making of copies of the protected material to those necessary to his activities

as counsel to defendant in this action. The protected material described in paragraph 1 shall not be distributed to any inmate of any local, state, or federal jail, camp, detention center, or penal institution. Defense counsel may advise the defendant of the contents of the protected material, subject to the condition that defendant has read this Order and that he understands and agrees that he is bound by its terms. If defense counsel brings the protected material into the Sherburne County Jail (or any other detention facility), it must remain in defense counsel's possession and control at all times and may not be left with the defendant but must be removed by defense counsel when they leave the jail facility. Use of the protected material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and/or his attorneys to sanctions.

3. The protected material described in paragraph 1 above may be disclosed only to attorneys of record for the parties to this litigation and persons regularly in the employ of such attorneys or who are employed for the purposes of such litigation. All individuals having access to these materials shall be informed of the terms of this Protective Order prior to disclosure. All such individuals shall certify, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms. Defendant's counsel of record shall maintain a file of such written certifications, which shall be available for inspection by government counsel of record at their request.

4. No protected material disclosed under the terms of this Order may be disclosed to a consultant or expert witness unless the individual has signed a non-disclosure agreement with the retaining attorney. This non-disclosure agreement shall, at a minimum, require the

individual to abide by the terms of this Order and prohibit both the use, except in connection with this litigation, and the disclosure of any information or knowledge received subject to this Order. Protected material may not be disclosed to such individual unless the individual has been designated in writing to all parties' counsel and to the Court and such written designation has been received by all parties' counsel and the Court at least three days in advance of any disclosure of protected material to such individual. If objection is timely made, no protected material may be divulged without Court approval.

5. Any filings with the Court that contain the protected information shall be submitted under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED." Counsel of record who receive protected material are responsible for abiding by the terms of this protective order.

6. When not in use, the protected material may not be left unattended and must be kept in a safe or locked cabinet, access to which shall be limited to only those persons authorized by this Order to receive the protected material. Any documents or other materials containing the protected information and all copies must be returned to Plaintiffs' counsel within sixty (60) days of the conclusion of this litigation. Any documents created by the defendant, defendant's counsel, or any other person for the purposes of such litigation, that contain the information designated confidential must also be turned over to plaintiff's counsel when this litigation is concluded.

7. When defendant's counsel of record returns information as provided in paragraph 6 above, he shall certify that all protected information has been used only as

permitted by this Protective Order. He shall further certify that a diligent search has been performed and all protected information and copies thereof (or any part thereof) have been delivered to the government. This Order shall remain in effect even after the proceedings in this case have ended and the terms of the Order shall continue to apply to anyone who viewed or was informed as to the contents of the protected material.

8. This Protective Order does not constitute any ruling on the question of whether any particular information is properly discoverable and does not constitute any ruling on any potential objection to the admissibility of any information. If defendant's counsel wishes to use any of the information disclosed in the protected material, he must obtain approval from the Court with notice to plaintiff's counsel and opportunity to object.

9. Nothing in this Order precludes either party from moving this Court for a modification of its terms.

Dated: October 26, 2009    s/Richard H. Kyle
                           RICHARD H. KYLE
                           United States District Judge

## **CERTIFICATION**

By signing below, I, _____, hereby certify that I have read this Order and agree to be bound by its terms.

_____