# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                                    Crim. No. 08-364 (RHK/AJB)
                                    **ORDER**

v.

Thomas Joseph Petters,

                Defendant.

---

This matter is before the Court on the parties' Motions in Limine (Doc. Nos. 292, 293, 294, and 296). For the reasons stated on the record at the hearing held on October 21, 2009, and based on all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Defendant's Motions in Limine numbers 3 (expert testimony), 8 ("unethical" acts), 9 (civil-rules violations), 10 (oaths and promises), 12 (cross-examination of character witnesses), 13 (incarceration status), 14 (appointment of a receiver), 16 (failure to detect criminal activity), 18 (forfeiture), 22 (Coleman CD/video tape), and 27 (Coleman information) are **DENIED AS MOOT**;

2. Defendant's Motions in Limine numbers 1 (venue), 2 (exhibits in opening statement),[1] 6 (Meshbesher file),[2] 11 (witness vouching), 20 (oral *voir dire*), 21

---

[1] The Government shall not use its proposed Exhibit 2 during its opening statement.

[2] Consistent with the Government's representation in its response to Defendant's Motion, and in accordance with Old Chief v. United States, 519 U.S. 172 (1997), the Government shall

(additional peremptory challenges), 23 (mug shots), and 25 (tax returns) are **DENIED**;

3. Defendant's Motions in Limine numbers 4 (cautionary instruction for cooperating witnesses)[3] and 17 (social-networking instruction) are **GRANTED**;

4. Defendant's Motion in Limine number 5 (Rule 404(b) evidence) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to evidence concerning Defendant's 1989-1993 activities in Colorado. The Motion is **DENIED** with respect to evidence of bank fraud or tax fraud. To the extent the Government offers any other Rule 404(b) evidence at trial, the Court **DEFERS** ruling on the evidence's admissibility until it is offered;[4]

5. Defendant's Motion in Limine number 7 (drugs/prostitution/gambling) is **DENIED IN PART** and **DENIED IN PART AS MOOT**. The Motion is **DENIED AS MOOT** with respect to evidence concerning drugs or prostitution, as the Government has indicated that it will not offer such evidence. The Motion is **DENIED** with respect to evidence of gambling;

6. Defendant's Motion in Limine number 15 (co-conspirator recordings) is **CONDITIONALLY DENIED**. At this juncture, the Court finds sufficient evidence of a conspiracy to conditionally admit the recordings under Bourjaily v. United States, 483

---

redact the details of the underlying offense from the Meshbesher file.

[3] The Court will consider, but not necessarily use, the parties' proposed instructions.

[4] The Government shall notify the Court and defense counsel in advance before attempting to offer such evidence.

U.S. 171 (1987), and United States v. Bell, 573 F.2d 1040 (8th Cir. 1978). The Government is reminded that if it fails to adduce sufficient evidence of a conspiracy at trial, the bell likely will not be able to be un-rung, resulting in a mistrial;

7. Defendant's Motion in Limine number 19 (moving Defendant to Ramsey County Jail) is **DENIED**, although arrangements have been made to have Defendant available to meet with counsel at the Courthouse in St. Paul before and after the trial day;

8. Defendant's Motion in Limine number 24 (regarding the WITSEC witness) is **GRANTED IN PART** and **DENIED IN PART**. Defendant may refer to the WITSEC witness using the witness' true name, which has already been "outed" by the media. Defendant also may mention the witness' involvement in WITSEC and prior criminal history in his opening statement. And Defendant may use the WITSEC information (including the fact that the witness participated in WITSEC) for impeachment if the witness is called to testify. Under Federal Rule of Evidence 608, however, Defendant may not introduce extrinsic evidence (the WITSEC files, copies of his prior criminal convictions, etc.) to impeach the witness; and

9. The Court **DEFERS** ruling on Defendant's Motion in Limine number 26 (jail recordings) until such evidence is offered at trial;

10. The Government's Motion in Limine regarding purported Government misconduct is **GRANTED**. The Court does not intend to permit Defendant to put the Government on trial in this case – or, to use defense counsel's parlance, to argue that the Government has not worn a "white hat" throughout. The issue is whether Defendant is

guilty beyond a reasonable doubt of the crimes charged. The Court finds that any purported Government misconduct, particularly in absence of an entrapment defense (which Defendant has never asserted), is irrelevant to the issues in the case and likely to confuse the jury;

11. The Government's Motion in Limine with respect to the WITSEC witness is **GRANTED IN PART** and **DENIED IN PART** consistent with paragraph 8 above;

12. The Government's Motion in Limine with respect to specific instances of good conduct is **GRANTED**. The Court rejects Defendant's argument that this is rebuttal evidence; for purposes of the charges in the Indictment, it makes no difference if Defendant was committing fraud in order to give away all of his allegedly ill-gotten gains to charity. To the extent Defendant puts his character into issue, he may do so only through the use of reputation evidence, not specific acts. See Fed. R. Evid. 405(a); and

13. The Government's Motion in Limine with respect to the Coleman recordings is **GRANTED**, for the reasons stated in paragraph 10 above. Moreover, the Court rejects Defendant's argument that the Coleman recordings are admissible against the Government as admissions by a party-opponent under various subsections of Federal Rule of Evidence 801(d). See Lippay v. Christos, 996 F.2d 1490, 1499 (3d Cir. 1993) ("We do not believe that the authors of [the Federal Rules of Evidence] intended statements by informers as a general matter to [constitute Government admissions], given their tenuous relationship with police officers with whom they work."). The recordings may be used for impeachment, however, to the extent they are inconsistent with

Coleman's testimony at trial.

Dated: October 27, 2009                               s/Richard H. Kyle
                                                      RICHARD H. KYLE
                                                      United States District Judge