UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-364 (RHK/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AFFIDAVIT OF |
| | ) | JOSIAH LAMB |
| (1) THOMAS JOSEPH PETTERS, | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF MINNESOTA  )
                     )  SS.
COUNTY OF HENNEPIN  )

I, Josiah Lamb, being duly sworn, depose and say that:

1.  I am a forensic accountant for the Federal Bureau of Investigation ("FBI").  I have been employed by the FBI as a forensic accountant and financial analyst for approximately three years.  I have been working on the financial investigation into allegations of securities fraud, bank fraud, mail fraud, wire fraud and money laundering by Thomas J. Petters.  This includes tracing the source of funds used to purchase property owned or controlled by Thomas J. Petters.

2.  Prior to joining the FBI, I worked in public accounting as an auditor for approximately four years. I also worked for one year as an SEC Reporting Analyst in a Fortune 500 company. I am a certified public accountant as well as a certified fraud examiner.  I earned a Bachelors Degree in accounting from Carthage College as well as Juris Doctor Degree from Hamline University School of Law.

3.   Since joining the FBI, I have received advanced training in the investigation of federal crimes, particularly those found in Title 18 of the United States Code, including various types of fraud and money laundering.

## Case Background

4.   Based upon bank statement analysis and interviews with Petters Company Inc. ("PCI") employees, the main bank account utilized in the fraud scheme was PCI's Marshall & Ilsley Bank ("M&I Bank") checking account number xxx9018. As explained at trial, this account received total deposits of $35,353,320,826.13 between January 1, 2003 and August 31, 2008.  These deposits were directly funded with proceeds of Defendant Petters' fraud scheme.  As explained below, I have conducted a financial tracing analysis of the assets listed for forfeiture in the Superseding Indictment.  These assets were purchased almost entirely with funds derived from PCI M&I Bank account number xxx9018, and are therefore purchased with the proceeds of fraud.  In certain instances, investor funds received from Defendant Larry Reynolds were also used to purchase the assets.

5.   Attached and incorporated by reference are Exhibits A through H.  These exhibits summarize the financial tracing analysis relating to how certain assets were purchased by Defendant Petters.  I prepared these exhibits using financial records, including bank records, financial

statements and other documents gathered during the course of the investigation. These exhibits fairly and accurately summarize the financial transactions that are depicted in the summaries, specifically those transactions relevant to how the assets in question were purchased.

### 655 Bushaway Road, Wayzata, Minnesota (Exhibit A)

6. On or about September 3, 2002, Thomas J. Petters purchased real property located at 655 Bushaway Road, Wayzata, Minnesota ("the Bushaway property"). Thomas J. Petters had the existing house torn down and a new home built. Paragon Designers and Builders was hired to construct the new home. Attached and incorporated by reference as Exhibit A is a summary of the funding used to purchase the property and construct the new home. A photograph of the property is attached as Exhibit A102.

7. I have conducted a financial analysis to determine the source of the funds used to purchase the Bushaway property and build the new home. In summary, at least $3,797,327.75 in fraud proceeds was used to purchase the land and construct the home. I have not analyzed every dollar that went in to the Bushaway property. The funds labeled as "$ not traced" on attached Exhibit A have not to date been specifically identified as constituting proceeds of fraud. However, additional analysis could show that these payments were funded with fraud proceeds. This

analysis has not been conducted to date because it is believed that the amount of fraud proceeds invested in the property substantially exceeds the property's current net equity.

8. The Bushaway property was purchased with an earnest money deposit of $50,000, a cashier's check for $1,277,000 and a mortgage of $999,900. The cashier's check is traceable to the PCI fraud scheme. On August 6, 2002 and August 28, 2002, $1,201,000 and $750,000 was wire transferred from PCI's M&I Bank account number xxx9018 to Thomas J. Petters' Crown Bank account number xxx9018. On August 28, 2002, Thomas J. Petters purchased a cashier's check for $1,277,000 which was given to Edina Realty for the purchase of the Bushaway property.

9. As noted above, a new home was subsequently constructed on the Bushaway property by Paragon Designers and Builders. Payments to the builder totaled approximately $3,280,755.15, with $2,520,327.75 traced to the PCI fraud scheme. There were thirteen (13) payments made to the homebuilder. The funding for each payment was traced separately. Approximately 77% of the payments are traceable to the PCI fraud scheme.

10. Additional explanation regarding the payments made to Paragon Designers and Builders is provided as follows:

a.   It is not currently alleged that payments 3, 10 and 13 were made with proceeds of fraud, although additional financial tracing could establish that this in fact was the case.

b.   Check number 10260 in the amount of $191,392.22, which was part of the payment 11, is included as traceable because this check was funded with a $210,000 check deposited on December 19, 2003, to Thomas J. Petters' Crown Bank account xxx9018 (Ex. A, p. 12 #5). The $210,000 check was a return on Defendant Petters' investment in Blue Marlin LLC, which investment was made with fraud proceeds, specifically funds from PCI M&I Bank account xxx9018.

c.   Payments 1, 4, 5, and 7 were made with proceeds of fraud, since they were made with funds that are directly traceable to the PCI M&I Bank account xxx9018.

d.   Payments 2, 6, 8 and 12 were made with the proceeds of fraud, since these payments were funded with returns on investments that Defendant Petters made in Lenders Trust AL, LLC and Liquid 8 Records, which investments were made with funds from PCI M&I Bank account xxx9018.

e.   Payment 9 was funded with the proceeds of fraud because it was made with funds drawn from a line of credit that was secured by the real property located at 4908 Rolling Green, Edina, Minnesota, which property was purchased with funds from PCI M&I Bank account xxx9018.

## 320 Elk Circle, Keystone, Colorado (Exhibit B)

11.   On or about October 28, 2005, Thomas J. Petters purchased real property located at 320 Elk Circle, Keystone, Colorado.   The entire purchase price of $1,430,462.13 was traced to the PCI M&I Bank account xxx9018.   Attached and incorporated by reference as Exhibit B is a summary of the funding used to purchase the property.   Photographs of the property are attached as Exhibit B9.

12.   Funds in the amount of $2,000,000, $1,500,000 and $2,000,000 were transferred from PCI's M&I account number xxx9018 to PCI's Crown Bank account number xxx2227 on September 30, 2005, October 12, 2005, and October 20, 2005 respectively.   PCI then transferred $2,000,000, $1,000,000 and $750,000 from PCI's Crown Bank account number xxx2227 to Thomas J. Petters' Crown Bank account number xxx9018 on September 30, 2005, October 13, 2005, and October 24, 2005 respectively.

13.   On October 14, 2005, $2,000,000 was transferred from Thomas J. Petters' Crown Bank account number xxx9018 to Thomas J. Petters' JP Morgan account number xxx8005.   On October 28, 2005, $1,400,000 was transferred from Thomas J. Petters' JP Morgan account number xxx8005 to Highland Title Company, and $30,462.13 was transferred from Thomas J. Petters' Crown Bank account number xxx9018 to Highland Title Company.   Both of these transfers were used for the purchase

of the real property at 320 Elk Circle, Keystone, Colorado. In summary, the funds used to purchase the 320 Elk Circle property were derived from PCI's M&I Bank account number xxx9018, which account was funded with the proceeds of fraud.

### 1840 South Ocean Boulevard, Manalapan, Florida (Exhibit C)

14.   On or about December 17, 2004, Thomas J. Petters purchased real property located at 1840 South Ocean Boulevard, Manalapan, Florida.  Attached and incorporated by reference as Exhibit C is a summary of the funding used to purchase the property.   Photographs of the property are attached as Exhibits C14 and C15.   The purchase price of $8,701,238 was paid in three installments.   All three payments were traced to the PCI fraud scheme.   The three payments included two payments of $400,000 each, and a wire transfer of $7,901,238 used to fund the remainder of the purchase.

15.   Two payments totaling $800,000 was traced to funds received from Nationwide International Resources ("NIR"). NIR was an entity controlled by Larry Reynolds and used to perpetrate the fraud scheme.   Larry Reynolds has pleaded guilty in this case to conspiracy to commit money laundering.

16.   On September 7, 2004, NIR wire transferred $4,305,386 to Thomas Petters Inc. ("TPI") Crown Bank account

number xxx6368. On September 23, 2004, $4,300,000 was transferred from TPI's Crown Bank account number xxx6368 to TPI's Crown Bank account number xxx2663. On November 30, 2004 and December 9, 2004, $400,000 was transferred to Thomas J. Petters' Crown Bank account number xxx9018. On November 30, 2004 and December 9, 2004, $400,000 was wire transferred to the Bathurst Laymon Realty Group escrow account at Northern Trust Bank of Florida. These payments were applied toward the purchase of the real property at 1840 South Ocean Boulevard, Manalapan, Florida.

17. The other payment for $7,901,238 was traced to the PCI fraud scheme account at M&I Bank. Funds in the amount of $1,000,000, $4,500,000 and $2,500,000, were wire transferred from PCI's M&I Bank account number xxx9018 to PCI's Crown Bank account number xxx2227 on December 13, 2004, December 15, 2004 and December 16, 2004, respectively. These amounts were subsequently transferred from PCI's Crown Bank account number xxx2227 into Thomas J. Petters' Crown Bank account number xxx9018. On December 16, 2004, $7,901,238 was wire transferred from Thomas J. Petters' Crown Bank account number xxx9018 to the William R. Bird Jr. Esq. Trust Account at Wachovia Bank. This wire transfer was used for the purchase of the real property at 1840 South Ocean Boulevard, Manalapan, Florida.

**15823 50th Avenue North, Plymouth, Minnesota**
**(Exhibit D)**

18.   On or about May 24, 2005, Thomas J. Petters purchased real property located at 15823 50th Avenue North, Plymouth, Minnesota ("the Plymouth property").  Attached and incorporated by reference as Exhibit D is a summary of the funding used to purchase the property.  Photographs of the property are attached as Exhibits D25 and D26.  A cashier's check for $720,587.70 was used to purchase the property. This check was funded with an advance on a line of credit, which was later paid off with fraud proceeds.

19.  On May 24, 2005 $750,000 was wire transferred from Thomas J. Petters' Northern Trust Bank of Florida line of credit account number xxx6561 to Thomas J Petters' Crown Bank account number xxx9018.  The Northern Trust Bank of Florida line of credit account xxx6561 was secured by real property located at 1840 South Ocean Boulevard, Manalapan, Florida.   As explained above, this real property was purchased with the proceeds of fraud.  On May 24, 2005, a cashier's check in the amount of $720,587.70 was issued from Thomas J. Petters' Crown Bank account number xxx9018 payable to Rels Title Company for the purchase of real property located at 15823 50th Avenue North, Plymouth, Minnesota.

20.   The line of credit at Northern Trust of Florida Bank, account number xxx6561, that was used to fund the purchase of the Plymouth property was paid off with a

$1,250,000 wire transfer on December 16, 2005 (Ex. D #4), and a $1,566,105.92 wire transfer on December 30, 2005 (Ex. D #7).  The line of credit had a zero balance after these two payments were made.  The $1,566,105.92 wire transfer on December 30, 2005, was paid with funds traced to PCI's M&I Bank account number xxx9018 (Ex. D #5, 6 and 7).

21.  The $1,250,000 wire transfer on December 16, 2005 (Ex. D #4) was funded with proceeds from the sale of real property located at 26705 Highway 9, Silverthorne, Colorado ("the Silverthorne property").  The Silverthorne property was purchased on or about November 10, 2004 with $50,000 earnest money and a wire transfer of $1,198,496.34 paid to RGB, Inc. d/b/a Land Title Guarantee Co.

22.  The Silverthorne property was purchased with fraud proceeds.  On September 7, 2004, NIR wire transferred $4,305,386 from First Regional Bank account number xxx6939 to TPI's Crown Bank account number xxx6368.  On September 23, 2004, $4,300,000 was transferred from TPI's Crown Bank account number 1106368 to TPI's Crown Bank account number xxx2663.  This was the opening deposit for account xxx2663. On October 13, 2004, $5,000,000 was wire transferred TPI's Crown Bank account number xxx2663.  The $5,000,000 and $4,300,000 wire transfers were the only deposits made to account xxx2663, apart from interest payments, prior to the wire transfer used to purchase the Silverthorne property.

23.   The Silverthorne property was sold on or about December 15, 2005.   The proceeds from this sale, $1,261,937.21 was wire transferred to Thomas J. Petters' Northern Trust of Florida Bank account number xxx4886.   On December 16, 2005, $1,250,000 was transferred from Thomas J. Petters' Northern Trust of Florida account number xxx4886 to pay down the Thomas J. Petters Northern Trust of Florida line of credit account xxx6561.

### 333 Vitoria Avenue, Winter Park, Florida (Exhibit E)

24.   On or about May 27, 2004, Thomas J. Petters and Jennifer Petters purchased real estate located at 333 Vitoria Avenue, Winter Park, Florida.   Attached and incorporated by reference as Exhibit E is a summary of the funding used to purchase the property.   Photographs of the property are attached as Exhibits E9 and E10.   The property was purchased with a mortgage loan, and a cash payment of $134,198.28.   The cash payment is traceable directly to fraud proceeds.   The mortgage payments from 2004-2009 were interest-only payments.

25.   On or about March 3, 2004, Opportunity Finance, an investor in the PCI fraud scheme, wire transferred $3,973,667.76 to Thomas J. Petters' DWS Investment account number xxx217-0.   On or about May, 25, 2004, check number 113 was written from Thomas J. Petters' DWS Investment account number xxx217-0 for $300,000.   This check was

deposited into Thomas J. Petters' Crown Bank account number xxx9018.   On or about May 27, 2004, $134,198.28 was wire transferred to First Southwestern Title Company of Florida for a cash payment toward the purchase of the real property at 333 Vitoria Avenue, Winter Park, Florida.

### 89435 Jack Pine Drive, Cornucopia, Wisconsin (Exhibit F)

26.   On or about October 31, 2005, Thomas J. Petters purchased vacant land located at 89435 Jack Pine Drive Cornucopia, Wisconsin.   This property is located next door to the Tam O'Shanter Lodge.   Attached and incorporated by reference as Exhibit F is a summary of the funding used to purchase the property.   The property was purchased with a $5,000 earnest money payment, and a wire transfer on October 28, 2005, in the amount of $377,600.

27.   The wire transfer for $377,600 was made from a line of credit maintained by Thomas J. Petters at Northern Trust of Florida Bank, account number xxx6561.   The Northern Trust Bank of Florida line of credit account was secured by real property located at 1840 South Ocean Boulevard, Manalapan, Florida, which was purchased with the proceeds of fraud.   In addition, as shown on Exhibit F, this line of credit was later paid off with funds which constituted fraud proceeds.

28.   The Northern Trust Bank of Florida line of credit account number xxx6561 was subsequently paid off with fraud

proceeds.   The Plymouth property and the 89435 Jack Pine Drive property were both purchased with advances on the line of credit account.   The line of credit account was later paid off with the proceeds of fraud, as discussed in paragraphs 20-23 above with respect to the Plymouth property.   The financial analysis discussed there applies equally to the purchase of the vacant lot on Jack Pine Drive.

**Tam O'Shanter Lodge, 89405 Jack Pine Drive, Cornucopia, Wisconsin (Exhibit G)**

29.   On or about April 30, 2003, Tam O'Shanter, LLC, an entity 100% owned by Thomas J. Petters, purchased the real property at 89405 Jack Pine Drive, Cornucopia, Wisconsin. This property is known as Tam O'Shanter Lodge.   Attached and incorporated by reference as Exhibit G is a summary of the funding used to purchase the property.   Photographs of the property are attached as Exhibits G24 and G25.

30.   The property was purchased with a cashiers's check in the amount of $265,135.02, and funds in the amount of $621,600 funded with a mortgage from Private Bank, as illustrated in Exhibit G, page 2, items 11 and 12.   The cashier's check for $265,135.02 was traced to the PCI fraud scheme.   In April 2005, the Private Bank mortgage was paid off with funds traced to the fraud scheme account at M&I Bank.

31.   As noted above, a Private Bank mortgage in the amount of $621,600 was used to fund the purchase of Tam O'Shanter Lodge.  On August 28, 2005, this mortgage was paid off with fraud proceeds.  As shown in Exhibit G, page two, items 13 through 15, on April 27, 2005, a wire transfer in the amount of $625,000 was made from PCI's M&I account number xxx9018 to PCI's Crown Bank account xxx2227.   On April 28, 2005, a $625,000 wire transfer was made from PCI's Crown Bank account xxx2227 to Thomas J. Petters' Crown Bank account xxx9018.  On the same date, a wire transfer was made from Thomas J. Petters' Crown Bank account xxx9018 to pay off the Private Bank Mortgage.

32.   The cashier's check for $265,135.02 that was used for the down payment on Tam O'Shanter Lodge was also funded with fraud proceeds.  As shown in Exhibit G, page two, items 10 and 11, on April 30, 2003, a check in the amount of $265,135.02 was deposited to Thomas J. Petters' Crown Bank account number xxx9018.  These funds were used on the same date to fund the purchase of the above-described cashier's check.

33.   The tracing of the funds that were used to fund the cashier's check is shown on Exhibit G, page one.   In summary, the $265,135.02 deposited to Thomas J. Petters' Crown Bank account number xxx9018 was funded with a loan secured by the real property located at 27 Brushwood Court,

Dillon, Colorado.  *See* Exhibit G, page one, items 9 and 10. The real property at 27 Brushwood Court was purchased with the proceeds of fraud, as shown on Exhibit G, items 1 through 8.  In short, the property was purchased with a $50,000 earnest money check (Ex. G #6) and a cashier's check in the amount of $692,939.17 (Ex. G #8).  The money used to fund these payments traces back to PCI's M&I account number xxx9018.

**Thomas J. Petters JP Morgan Accounts (Exhibit H)**

34.   Thomas J. Petters maintained an investment account at J.P. Morgan Trust Company, N.A. ("JP Morgan").  This account included several sub-accounts, including accounts numbered xxx8005; xxx6009; xxx5003; xxx4009; xxx0101; and xxx0007.  These accounts fluctuate in value on a daily basis.  On August 31, 2008, the accounts had a cumulative value of $24,367,348.27.  Numerous search warrants were executed in connection with this case on September 24, 2008. JP Morgan subsequently liquidated portions of Petters' JP Morgan account and applied the proceeds towards debts allegedly owed by Petters' business entities.  By October 31, 2008, the overall value of Petters' JP Morgan accounts had been reduced to $4,583,344.29.

35.   The remaining funds contained in Petters' JP Morgan accounts were funded directly via transfers from PCI's M&I Bank account number xxx9018.  These wire transfers

are summarized in Government Exhibit H, which is attached
and incorporated by reference.  In summary, between August
15, 2006 and November 3, 2006, $6,450,000 was directly
transferred from PCI's M&I Bank account number xxx9018 to
Petters' investment accounts at JP Morgan.  These transfers
were funded directly with the proceeds of fraud.

FURTHER YOUR AFFIANT SAYETH NAUGHT.


Dated: January 15, 2010   s/ Josiah Lamb
                          JOSIAH LAMB
                          Forensic Accountant
                          Federal Bureau of Investigation

Subscribed and Sworn to before me
this   15th  day of January, 2010.

s/ Noelle Corbo Schmidt
NOTARY PUBLIC

My commission expires: January 31, 2010