# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                                Crim. No. 08-364 (RHK/AJB)
                                **PRELIMINARY ORDER**
                                **OF FORFEITURE**

v.

Thomas Joseph Petters,

                Defendant.

---

      This matter is before the Court on the Government's Motion for a Preliminary Order of Forfeiture (Doc. No. 366). For the reasons set forth in the Court's March 24, 2010 Order (Doc. No. 394), the Motion is **GRANTED** and it is **ORDERED** as follows:

      1.     Defendant Thomas Joseph Petters shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud, mail fraud, or conspiracy to commit mail and wire fraud as charged in Counts 1 through 14 of the Superseding Indictment. The property to be forfeited includes, but is not limited to, the following:

      a.     the real property located at 655 Bushaway Road, Wayzata, Minnesota in the amount of $3,797,327.75;

      b.     the net proceeds from the sale of the real property located at 320 Elk Circle, Dillon, Colorado;

      c.     the net proceeds from the sale of the real property located at 1840 South

          Ocean Boulevard, Lake Worth, Florida;

    d.    the real property located at 15823 50th Avenue North, Plymouth, Minnesota;

    e.    the real property located at 333 Vitoria Avenue, Winter Park, Florida, in the amount of the down payment of $134,198.28;

    f.    the net proceeds from the sale of the Tam O'Shanter Lodge, located at 89405 Jack Pine Drive, Cornucopia, Wisconsin;

    g.    the real property located at 89435 Jack Pine Drive, Cornucopia, Wisconsin; and

    h.    any and all funds in JP Morgan Accounts held in the name of Thomas J. Petters;

    2.    Defendant Thomas Joseph Petters shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), all property, real or personal, involved in the money laundering or conspiracy to commit money laundering as charged in Counts 15 through 20 of the Superseding Indictment. The property to be forfeited includes, but is not limited to, the following:

    a.    the real property located at 655 Bushaway Road, Wayzata, Minnesota;

    b.    the net proceeds from the sale of the real property located at 320 Elk Circle, Dillon, Colorado;

    c.    the net proceeds from the sale of the real property located at 1840 South Ocean Boulevard, Lake Worth, Florida;

d. the real property located at 15823 50th Avenue North, Plymouth, Minnesota;

e. the real property located at 333 Vitoria Avenue, Winter Park, Florida;

f. the net proceeds from the sale of the Tam O'Shanter Lodge, located at 89405 Jack Pine Drive, Cornucopia, Wisconsin;

g. the real property located at 89435 Jack Pine Drive, Cornucopia, Wisconsin;

h. any and all funds in JP Morgan Accounts held in the name of Thomas J. Petters;

3. A personal money judgment shall be entered against Defendant Thomas Joseph Petters in the amount of $3,522,880,614.10, as a result of his conviction on Counts 1 through 15 of the Superseding Indictment;

4. The United States may seize the foregoing property and maintain custody and control thereof pending the entry of a Final Order of Forfeiture;

5. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

7. Following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period

specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee;

8. Pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the Government may conduct discovery to identify additional property subject to forfeiture under the terms of this Order, or to address any factual issues raised by a third-party petition filed under Rule 32.2(c); and

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e) to forfeit any subsequently discovered forfeitable or substitute property or dispose of any third-party claims relating to such property.


Dated: March 26, 2010            s/Richard H. Kyle
                                 RICHARD H. KYLE
                                 United States District Judge