```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                  Criminal No. 08-364 (RHK/AJB)

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )   GOVERNMENT'S PRELIMINARY
                             )   PROPOSED RESTITUTION ORDER
(1) THOMAS JOSEPH PETTERS,   )
                             )
          Defendant.         )
```

The United States Attorney's Office for the District of Minnesota, by and through B. Todd Jones, United States Attorney, and Joseph T. Dixon III, Assistant United States Attorney, in accordance with the Court's Order dated April 8, 2010, hereby respectfully files this Government's Preliminary Proposed Restitution Order (a copy of the preliminary proposed restitution order will also be posted to the U.S. Attorney's Office website at www.justice.gov/usao/mn).

I.   CASH IN/CASH OUT ANALYSIS

The restitution amounts set forth on the Government's Preliminary Proposed Restitution Order Schedule (attached hereto as Exhibit A) are based on the "cash in/cash out" losses suffered by investors as determined by government agents from the information that is available to the government. The "cash in/cash out" analysis is based on funds provided by an investor to the Petters fraud (directly or indirectly) less any funds received by the investor (whether such payment was characterized as principal or interest).

The schedule is based on information that is currently available to the government. In some instances, the information may be incomplete. Accordingly, if a victim believes the amount set forth on the schedule is inaccurate and based upon incomplete information, the victim should make a factual objection to the schedule, as set forth below.

The factual objection should provide (i) dates and amounts of cash provided by the victim to the Petters fraud and (ii) dates and amounts received by the victim (whether such amounts were characterized as principal or interest). The objection should also be signed by the victim under penalty of perjury and should include a contact telephone number so that the government may request substantiating documents.

## II.   RESTITUTION PAYMENTS

Distributions to victims pursuant to the restitution order will be made as assets become available to the Clerk of Court. Based on the assets known to the government, the government expects that restitution payments will represent a small fraction of the total restitution order.

With regard to forfeited assets (including those assets that are subject of the pending government's Motion for a Preliminary Order of Forfeiture), the United States Attorney's

Office intends to pursue restoration of forfeited assets to the Clerk of Court (for distribution to victims pursuant to the restitution order) in accordance with Department of Justice policies and procedures. Thus, as soon as practicable through the restoration process, the United States Attorney's Office would turn over forfeited assets to the Clerk of Court upon approval by the Department of Justice.[1]

If distributions are made to identified victims from the receivership or from bankruptcy assets in the bankruptcy proceedings involving Petters Company, Inc. and its affiliates, see In re: Petters Company, Inc., et al., Bankruptcy No. 08-45257 (GFK), the government will recommend that such distributions be deducted from the victim's restitution amount for purposes of any subsequent restitution payments.

III. OBJECTIONS

If a putative victim has (i) factual objections regarding the "cash in/cash out" amount set forth on the attached schedule, and/or (ii) legal objections to the government's methodology, pursuant to the Court's Order dated April 8, 2010, such objections must be provided **to both** of the following **prior to May 12, 2010**:

---

[1] Restoration of assets will occur in accordance with the policies and procedures set forth by the Department of Justice, including Title 28, Code of Federal Regulations, Part 9.

| | |
|---|---|
| AUSA Joseph T. Dixon<br>U.S. Courthouse<br>300 South Fourth Street<br>Suite 600<br>Minneapolis, MN 55415 | Peter I. Madsen<br>U.S. Probation Officer<br>U.S. Courthouse<br>316 N. Robert Street<br>Suite 600<br>St. Paul, MN 55101 |

The government will provide the defendant with copies of any objections.

The government will consider and review all such objections.

On May 26, 2010, the government will file the Government's Final Proposed Restitution Order (which proposed restitution order will also be posted to the U.S. Attorney's Office website). The government will provide the Court with any victim objections not addressed in the Government's Final Proposed Restitution Order for the Court's consideration.

Date: April 28, 2010          Respectfully submitted,

                                      B. TODD JONES
                                    United States Attorney

                                    s/ Joseph Dixon

                                    BY: JOSEPH T. DIXON, III
                                    Assistant U.S. Attorney
                                    Attorney ID No. 0283903
                                    United States Attorneys Office
                                    600 U.S. Courthouse
                                    300 South Fourth Street
                                    Minneapolis, MN 55415