UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 08-364 (RHK/AJB) |
| | Civ. No. 13-1110 (RHK) |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas Joseph Petters, | |
| Defendant. | |

---

This matter is before the Court on the Motions of Defendant's former counsel to intervene or, alternatively, to appear as *amicus curiae* (Doc. Nos. 601, 602) in connection with Defendant's Motion to Vacate his sentence under 28 U.S.C. § 2255.   For the reasons that follow, the Motions will be denied.

This case's extensive factual and procedural background need not be repeated here. It suffices to note that Defendant filed his § 2255 Motion on May 10, 2013, alleging ineffective assistance of trial counsel because his defense team failed to communicate a plea offer purportedly made by the Government.[1]   Promptly after Defendant filed the Motion, his former counsel sought leave to withdraw due to the "irreconcilable conflict" the Motion had created; that request was granted.   (See Doc. No. 590.)   The Court also determined that Defendant, by virtue of his Motion, had waived the attorney-client privilege with respect to plea discussions.   (Id.; see also Doc. No. 583.)   The Government

---

[1] To be precise, Defendant's Motion alleged only that one member of the defense team, attorney Jon Hopeman, failed to communicate the offer.   Nevertheless, the parties have briefed the Motion as if all defense-team members were implicated by that failure.

then filed its response to Defendant's Motion, including a Declaration from each member of the defense team indicating that the so-called plea offer was communicated repeatedly to Defendant before trial. (See Doc. No. 591 & Exs. 1-4.)

The Court has now set the matter for an evidentiary hearing commencing on October 15, 2013, and Defendant's former defense team members have requested leave to intervene, or, alternatively, to appear as *amicus curiae* at that hearing, in order to "present evidence and . . . question witnesses." They argue that they have "a cognizable interest in ensuring that no Court finds they provided substandard legal representation" and that "no person[s]" other than themselves "can better understand and appreciate that they did, in fact, provide competent legal advice to" Defendant. (Doc. No. 603 at 3.)

While the Court is not unsympathetic to these concerns, see, e.g., Harrelson v. United States, 967 F. Supp. 909, 913 (W.D. Tex. 1997) (noting that "accusations of ineffective assistance justify legitimate concern by [counsel] over possible damage to his professional reputation"), it believes that neither intervention nor *amicus curiae* status is necessary to address them. The Government maintains "an obvious interest in preserving the finality of [Defendant's] conviction and sentence," id. at 911, and to do so it will inevitably attempt to show that Defendant received competent representation here. Hence, there is no reason to believe the Government cannot or will not adequately represent the interests of former counsel. Indeed, it already sought the assistance of members of the former defense team (see Doc. No. 589 at 1-2), and submitted evidence from each, when responding to Defendant's Motion. Moreover, the Government undoubtedly will call each defense-team member to testify at the evidentiary hearing, as it

is the substance of those individuals' conversations with Defendant that lays the predicate for his § 2255 Motion, and each may testify about any facts rebutting Defendant's claim without running afoul of the attorney-client privilege. Therefore, allowing members of the defense to intervene or appear as *amicus curiae* at the evidentiary hearing, in order to "present evidence and . . . question witnesses," appears unnecessary and would almost certainly complicate and prolong the proceedings.

At bottom, there is "nothing unusual or extraordinary about a Section 2255 movant alleging former trial . . . counsel rendered ineffective assistance." Harrelson, 967 F. Supp. at 913. Indeed, because of procedural rules, ineffective assistance often is the *only* claim that can be raised in a § 2255 proceeding. See, e.g., United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (generally speaking, issue not raised on direct appeal is procedurally barred in subsequent habeas proceeding); United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (*per curiam*) (issues raised and decided on direct appeal "may not be re-litigated under § 2255"); United States v. Turpin, Crim. No. 05-387, 2013 WL 1104287, at *2 (D. Minn. Mar. 18, 2013) (Kyle, J.) ("[C]laims of ineffective assistance of counsel fall within the narrow range of matters that may be raised in a § 2255 proceeding."). Such commonplace allegations, standing alone, simply do not "justify intervention by the former trial . . . attorney." Harrelson, 967 F. Supp. at 914. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Motions to intervene or, alternatively, to appear as *amicus curiae* (Doc. Nos. 601, 602) are **DENIED**.

Dated:   August 14, 2013              s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge