**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 08-364 (RHK) |
| | Civ. No. 13-1110 (RHK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| v. | |
| Thomas Joseph Petters, | |
| Defendant. | |

On May 10, 2013, Defendant filed a Motion under 28 U.S.C. § 2255, asserting that his counsel rendered ineffective assistance by failing to communicate a Government plea offer before trial. Following an evidentiary hearing, the Court denied the Motion, concluding that no "formal" offer had been extended by the Government and any preliminary plea discussions were communicated to Defendant, who in any event would not have accepted. United States v. Petters, Crim. No. 08-364, 2013 WL 6328544 (D. Minn. Dec. 5, 2013) (Kyle. J.). Invoking Federal Rule of Civil Procedure 59(e), Defendant now moves the Court to alter or amend its Judgment (Doc. No. 630) and separately moves the undersigned to recuse himself (Doc. No. 631). For the reasons that follow, both Motions will be denied.

**I.   Rule 59(e)**

At the outset, the Court notes that while Defendant asserts a host of issues in his Motion to Alter or Amend, most are not properly before the Court.

For example, he now contends that his trial counsel were ineffective for failing to obtain the Government's (purported) plea offer in writing and by failing to adequately plea bargain. (Doc. No. 630 at 7, 11.) But he did not raise these issues in his § 2255 Motion, and Rule 59(e) "cannot be used to . . . tender new legal theories[] or raise arguments which could have been offered or raised prior to the entry of judgment." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934-35 (8th Cir. 2006). Any newly asserted ground for habeas relief also is foreclosed by Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings, which makes clear that a Motion under § 2255 "must specify all the grounds for relief available to the moving party." A Motion challenging the denial of relief under § 2255, therefore, cannot raise new claims; it must be predicated on "some defect in the integrity of the federal habeas proceeding[]" itself. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); accord Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). Were it otherwise, a Defendant could easily evade the proscription on "second or successive" habeas motions, see Rule 9, Rules Governing Section 2255 Proceedings, by asserting new claims under the guise of Federal Rule of Civil Procedure 59 (or its cousin, Rule 60). Indeed, Defendant's self-described "jailhouse lawyer," John Lambros, is well aware that "inmates may not bypass [the prohibition on] filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (*per curiam*). Accordingly, the Court dismisses any newfangled claims of ineffective assistance here. Id.[1]

---

[1] In any event, these claims would fail on the merits. The Court has already determined that no formal plea offer was extended by the Government. Counsel cannot have been ineffective,

Defendant also argues that his counsel "withheld the [Government's] oral plea offer" from him. (Doc. No. 630 at 7.) But the Court has already considered and rejected this assertion, concluding that counsel "repeatedly informed [him] of the Government's proposal" of a 30-year sentencing cap in exchange for a guilty plea. Petters, 2013 WL 6328544, at *4. He cannot utilize Rule 59(e) to relitigate that issue. See, e.g., United States v. McElrath, Crim. No. 03-235, 2009 WL 1657453, at *1 (D. Minn. June 11, 2009) (Ericksen, J.).

For these reasons, the Court's review of the instant Motion is limited to whether the Order denying § 2255 relief contains "manifest errors of law." Metro. St. Louis, 440 F.3d at 933. Only one such error is asserted: the Court incorrectly held that in order to show ineffective assistance, Defendant was required to acknowledge his guilt of the offenses charged. (Doc. No. 630 at 9-10.) This argument is meritless.

As the Court noted when denying relief, in order to succeed on his § 2255 Motion, Defendant was required to show that his counsel failed to communicate a formal plea offer to him *and* that there existed "a reasonable probability [he] would have accepted" it and pleaded guilty. Petters, 2013 WL 6328544, at *2 (quoting Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 1408-09 (2012)). And the Court concluded Defendant could not make that showing because at no time prior to trial (or thereafter) was Defendant "ready,

---

therefore, for failing to obtain in writing an offer that never existed. Similarly, Defendant's argument that his counsel was ineffective for failing to adequately plea bargain is a non-starter, as a "criminal defendant has no constitutional right to bargain for a plea arrangement with the government." Stokes v. Armontrout, 851 F.2d 1085, 1089 (8th Cir. 1988) (citing Weatherford v. Bursey, 429 U.S. 545, 561 (1977)). And as the Court's prior Order made clear, Defendant's counsel *did*, in fact, attempt to negotiate an acceptable plea deal, but the Government remained steadfast in its insistence on a 30-year sentencing cap. See Petters, 2013 WL 6328544, at *7.

willing or able to . . . acknowledge for all the world his responsibility for the fraud with which he was charged." Id. at *8.

Defendant now contends the Court erred because, instead of acknowledging his guilt, he could have pleaded *nolo contendere* to the charges against him. (See Doc. No. 630 at 9-10.) But Defendant's § 2255 Motion was predicated on the existence of a (so-called) offer from the Government that *required him to plead guilty* in exchange for a 30-year sentencing cap. (See Doc. No. 579 at 7 ("[T]he defendant must first show . . . [he] would have *accepted the offer to plead guilty in accordance with the terms offered prior to trial*. . . . Defendant [] has attested by sworn affidavit that he would have accepted the Government's offer, without additional conditions, *and plead guilty in accordance with that offer* had it been communicated to him.") (emphases added); see also 5/2/13 Petters Aff. (Doc. No. 579-6) ¶ 2 ("I learned that the Government had offered my attorney . . . a 30-year sentencing cap *in exchange for my plea(s) of guilty*.") (emphasis added).) It is baseless for him to now claim the Court erred because he would have pleaded *nolo contendere*, as that was never part of the Government's purported "deal."[2]

In any event, Defendant would not be entitled to relief even if he were correct that he could have pleaded *nolo contendere*. His § 2255 Motion rested "upon three legs:

---

[2] Nor would the Court have been likely to accept a *nolo contendere* plea. A defendant may enter such a plea only with court consent, before which "the court must consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)(1), (3). Given the massive scale of the fraud at issue, the length of time it persisted, its financial impact, and the number of persons harmed, a plea of *nolo contendere* would have minimized the seriousness of Defendant's crimes and had little deterrent effect on others, defeating the proper administration of justice. See, e.g., United States v. Mapco Gas Prods., Inc., 709 F. Supp. 2d 895, 898-900 (E.D. Ark. 1989); United States v. Yonkers Contracting Co., 689 F. Supp. 2d 339, 341 (S.D.N.Y. 1988).

(1) the Government extended [him] a formal plea offer; (2) defense counsel failed to communicate that offer before trial; and (3) he was prejudiced because he would have accepted the offer and pleaded guilty," and *all three* had to pass muster in order for him to obtain relief.  Petters, 2013 WL 6328544, at *3.  The Motion was denied because *none* of the three legs withstood scrutiny.  Hence, even if the Court had erred in concluding Defendant was required to show he would have pleaded guilty (as opposed to *nolo contendere*), he has not undermined the Court's conclusions that (1) no formal plea offer existed and (2) all plea discussions were communicated to him.  Relief from the denial of his § 2255 Motion is therefore unwarranted.

## II.   Recusal

In his Motion, Defendant argues that the undersigned must recuse from further proceedings in this matter.  He notes that my son is a shareholder in the law firm of Fredrikson & Byron, P.A. ("Fredrikson"), which previously provided legal advice to Defendant and his companies regarding the sale of securities.  (See Doc. No. 631 at 4-9.) According to Defendant, this relationship requires my recusal under 28 U.S.C. § 455(b)(5)(iii), which obligates a judge to disqualify himself when a person within the judge's "third degree of relationship" has an "interest that could be substantially affected by the outcome of the proceeding."  (Id.)

Defendant's argument is frivolous and does not merit extended discussion.  There is no suggestion that my son, who practices in the area of criminal defense, is involved in Defendant's current post-conviction proceedings, was involved in his defense at trial, or provided legal advice to him or his companies.  Nor does Defendant explain how

Fredrikson's *prior* representation in securities matters somehow suggests that my son *currently* has an "interest that could be substantially affected by the outcome of" *this* proceeding.  28 U.S.C. § 455(b)(5)(iii).

Indeed, this last point lays bare a fundamental problem with Defendant's Motion. While he seeks the undersigned's recusal from these post-conviction proceedings, there is no suggestion whatsoever that these proceedings bear any connection to my son or his law firm.  Fredrikson's prior association with Defendant simply does not provide a basis for recusal *at this juncture*.  See, e.g., Veneklase v. City of Fargo, 236 F.3d 899, 901-02 (8th Cir. 2000) (Mem. of Bye, J.); In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., 601 F. Supp. 2d 1120, 1125-28 (D. Minn. 2009) (Kyle, J.).

Instead, what Defendant is really trying to argue is that this Court should have recused *before trial* due to my son's position with Fredrikson, because Defendant hoped to assert an "advice of counsel" defense to the jury.  (See Doc. No. 631 at 13-14.)  But this argument simply cannot stand.  The Eighth Circuit has held that "[m]otions for recusal under 28 U.S.C. § 455 will not be considered unless timely made," Tri-State Fin., LLC v. Lovald, 525 F.3d 649, 653 (8th Cir. 2008) (internal quotation marks and citation omitted), and "[t]imeliness requires a party to raise a claim [of recusal] 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for [it].'" Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). Defendant nowhere disputes knowing long ago the facts allegedly supporting recusal, namely, that my son is a Fredrikson shareholder; indeed, documents proffered with the instant Motion indicate Defendant discussed the issue with his attorneys while his direct

appeal was being briefed. (See Doc. No. 631-2.) Yet, recusal was not raised on direct appeal or, more pertinently, in Defendant's § 2255 Motion. Hence, he cannot raise it now in a belated attempt to undermine his conviction. Fletcher, 323 F.3d at 664; Rule 9, Rules Governing Section 2255 Proceedings.[3] Nor may Defendant argue at this juncture that his trial counsel were ineffective for failing to seek recusal. Id. And in any event, even if not procedurally foreclosed, Defendant's recusal argument lacks merit. See In re Medtronic, Inc., 601 F. Supp. 2d at 1125-28.

Finally, Defendant also contends recusal is required under 28 U.S.C. § 455(a) because my impartiality "might reasonably be questioned," but in support he makes several puzzling arguments. For instance, he argues that my impartiality might reasonably be questioned because "the first document [the Court] reviewed in this action was the indictment and the indictment was not signed by the grand jury or the U.S. attorney." (Doc. No. 631 at 9.) He also argues that the undersigned (1) "allowed" him to proceed to trial when the Superseding Indictment contained an untimely charge (id. at 10) and (2) improperly amended the Superseding Indictment by allowing a redacted version, removing references to Defendants' companies (which were not on trial), to go to the jury during deliberations (id. at 18).

The undersigned simply fails to understand how any of these matters suggests partiality or bias. Rather, it seems evident Defendant is simply trying to bootstrap new

---

[3] Defendant claims he asked his habeas counsel to raise this issue, but this provides him no shelter. Gonzalez, 545 U.S. at 532 n.5 ("[A]n attack based on . . . habeas counsel's omissions [] does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

§ 2255 arguments to his recusal motion in order to evade the procedural hurdles discussed above, which he may not do. Regardless, all of the arguments fail on the merits.[4]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Alter or Amend Judgment (Doc. No. 630) and Motion to Disqualify (Doc. No. 631) are **DENIED**. Defendant's Motion for Bail (Doc. No. 636) is **DENIED AS MOOT**.

Date: February 10, 2014                s/Richard H. Kyle
                                       RICHARD H. KYLE
                                       United States District Judge

---

[4] First, while the *publicly available* Indictment in this case (Doc. No. 79) contains no signatures – to ensure the "privacy interests of grand jurors who may not want their signatures to be readily available on the internet," Littrell v. United States, No. 4:07CV1707, 2009 WL 5220156, at *6 (E.D. Mo. Dec. 31, 2009) – the Court has reviewed the original Indictment maintained by the Clerk of the Court and confirmed it is signed by both the foreperson of the grand jury and an attorney for the Government. In any event, signatures on an indictment "are a formality, and even the lack of signatures would not render an indictment invalid." United States v. Morse, 613 F.3d 787, 793 (8th Cir. 2010). Second, Count 10 of the Superseding Indictment was not time-barred. That count charged mail fraud occurring on June 3, 2004, and the Superseding Indictment was returned on June 3, 2009 – the final day of the 5-year limitations period under 18 U.S.C. § 3282. See, e.g., United States v. Guerro, 694 F.2d 898, 901 (2d Cir. 1982) (limitations period begins to run on day after offense is committed, and therefore expires on five-year anniversary of offense); United States v. Joseph, 765 F. Supp. 326, 328-30 (E.D. La. 1991) (same). Third, the Court did not improperly amend the Superseding Indictment by removing references to Defendant's companies, which were not on trial. Although a judge may not alter an indictment by *broadening* the charges against a defendant, he may safely "withdraw[] or ignore[] independent and unnecessary allegations in [an] indictment[]" without grand jury involvement. United States v. Miller, 471 U.S. 130, 144 (1985); accord, e.g., id. at 136 ("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored.") (internal quotation marks and citation omitted).