## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

THOMAS JOSEPH PETTERS,

                    Defendant.

Criminal No. 8-364 (JRT)

**MEMORANDUM OPINION AND ORDER DENYNG DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

John C. Conard, **THE CONARD LAW FIRM**, 331 South Second Avenue, Suite 705, Minneapolis, MN 55401, for Defendant.

Defendant Thomas Petters is serving a 50-year sentence in the custody of the Bureau of Prisons after being convicted of 20 counts related to wire fraud, mail fraud, and money laundering. Petters moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the Court finds that Petters has not presented extraordinary and compelling reasons to justify compassionate release, the Court will deny the motion.

## BACKGROUND

The relevant facts related to Petters's conviction and sentence are set forth in *United States v. Petters*, 663 F.3d 375 (8th Cir. 2011) and are incorporated by reference here.

**DISCUSSION**

## I.    STANDARD OF REVIEW

The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Under the Sentencing Commission's applicable policy statement, "[e]xtraordinary and compelling reasons exist" when "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). Additionally, a catch-all provision allows courts to find "other reasons" that are "similar in gravity" to those expressly listed as examples of extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(5). The Sentencing Commission's statements and commentary are "relevant but not binding" in analyzing whether a defendant's circumstances warrant compassionate release. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Defendants may move for compassionate release once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The defendant bears the burden of showing that compassionate release is appropriate. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

## II.    ANALYSIS

Petters filed his request for release with the warden on May 30, 2025.  (Petters' Ex. 2, July 11, 2025, Docket No. 696-2.)  He did not receive a response within 30 days, meaning that Petters' claim was effectively denied, and he has therefore met the administrative-exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

Petters argues release is warranted because of: (1) his age and physical condition, (2) the unintentionally punitive nature of his sentence, and (3) substantial evidence of Petters' rehabilitation.  The Court will address each argument in turn.

First, Petters highlights that he is over the age of 65, is experiencing serious physical deterioration, and has served at least 10 years of his 50-year prison term, all of which are criteria expressly contemplated by the guidelines.  *See* U.S.S.G. § 1B1.13(b)(2). As evidence of deterioration, Petters points to a recent rise in blood markers (which he believes is related to a pituitary tumor); degeneration of hearing and vision; knee pain; arthritis in his hip and knee; and herniated discs in his back.  (Motion for Compassionate Release from Custody ("Mot.") at 6, July 11, 2025, Docket No. 696.)  Petters also expresses concern that inadequate preventative care may cause his health to worsen.

The Court has denied compassionate release for lack of serious deterioration when the defendant's medical conditions are not terminal and do not diminish the defendant's ability to care for themselves.  *See United States v. Chase*, Crim. No. 11-150 2025 WL

1555990, at *3 (D. Minn. June 2, 2025).  Here, Petters is neither afflicted with a terminal condition nor is he unable to care for his conditions.  Petters is receiving treatment for his pituitary tumor and receives routine medical exams, screenings, and care as needed. (Resps.' Ex. 1, Aug. 12, 2025, Docket No. 703.)  Petters' age-related physical conditions are not of the exceptional kind that warrant release.

Second, Petters argues that his incarceration at Leavenworth qualifies as an extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(5)'s catch-all provision because of the distance between him and his family and his exposure to more violent inmates than he would have encountered if incarcerated in Minnesota.[1]  Petters relies on case law in which courts have recognized the proposition that a sentence-reduction could be warranted if a sentence is "harsher and more punitive" than intended. *See United States v. Jackson*, Crim. No. 21-537, 2024 WL 4826466 (S.D.N.Y. Nov. 19, 2024).

Petters is now incarcerated the federal correctional institution in Milan, Michigan.[2] Because Petters is no longer incarcerated at Leavenworth, the issue of whether his incarceration at Leavenworth constitutes extraordinary and compelling circumstances appears to be moot.  And to the extent that Petters would argue that Milan is similarly far

---

[1] The Bureau of Prisons determines the location of individuals' incarceration and seeks to place inmates "in a facility within 500 driving miles of [their primary] residence" when practicable.  18 U.S.C. § 3621(a)–(b).

[2] *See* Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2026).

from his family, the Court finds that the location of Petters's imprisonment falls far short of creating extraordinary and compelling circumstances warranting compassionate release.

Finally, Petters claims that his rehabilitation—evidenced by numerous letters of support, a clean prison record, his efforts in collecting restitution for the victims of his crimes, and his work helping fellow inmates—when considered alongside his age, deteriorating health, and distance from his family, create extraordinary and compelling circumstances to grant compassionate relief. The Court appreciates Petters' cooperation in pursuing substantial restitution for his victims. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . ." U.S.S.G. § 1B1.13(d). The rehabilitation shown by Petters, even considered alongside his other arguments for release, is insufficient to warrant compassionate release at this time. However, the length of Petters' sentence, considering his age and health, suggests that compassionate release may well be appropriate at a future date.

### CONCLUSION

Because Petters has failed to show extraordinary and compelling reason to justify compassionate release, the Court will deny the motion.[3]

---

[3] The Court need not reach the question of whether the compassionate release of Petters would be consistent with the section 3553(a) sentencing factors.

-6-

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Petters' Motion for Compassionate Release (Docket No. [696]) is

**DENIED.**


DATED:  April 27, 2026                                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                        United States District Judge